## STATE OF CONNECTICUT *v.* JAMES T. ANDERSON

KING, C. J., MURPHY, ALCORN, COMLEY and SHANNON, Js.

Argued October 6—decided December 2, 1964

*George A. Saden, Edwin K. Dimes* and *Henry McDonald, Jr.,* with whom, on the brief, was *Sturges N. Laros,* for the appellant (defendant).

*Joseph T. Gormley, Jr.,* assistant state's attorney, with whom, on the brief, were *Otto J. Saur,* state's attorney, and *John F. McGowan,* assistant state's attorney, for the appellee (state).

SHANNON, J. The defendant was arraigned on an information containing three counts. In the first count, he was charged with placing a child under the age of sixteen years in such a situation that his morals were likely to be impaired, and with doing certain acts likely to impair his morals, in violation of § 53-21 of the General Statutes. In the second and third counts, he was charged with indecent assault in violation of § 53-217 of the General Statutes. The first and third counts of the information relate to incidents which happened on or about April 3, 1961. The jury could find that the defendant arrived at the home of Mr. and Mrs. William F. Hoisington in Weston, Connecticut, late in the afternoon while Mrs. Hoisington was away. Their son David, then aged ten years, was upstairs. Hoisington called David downstairs and forced him to drink two glasses of vodka and coca-cola. Hoisington ordered David into the master bedroom on the first floor. In about fifteen minutes, Hoisington and the defendant entered the bedroom, locked the door and both of them performed acts of fellatio on David. Then, in his presence, they performed similar acts upon each other. David cried when subjected to their acts. His sister Andrea, who was then eight years of age, had come home after the door was locked, heard David inside the room crying, and also heard

the voices of her father and the defendant from inside the room at the same time.

We shall discuss only the assignments of error which have not been abandoned. In one of them, the defendant claims error in the denial of his motions to dismiss the three counts of the information. Since the denial of such a motion is not properly assignable as error, we will not consider it. *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446; Maltbie, Conn. App. Proc. § 212. The defendant also claims error in three rulings excluding evidence. These claims are without merit because proper foundation had not been laid for the admission of the proffered evidence.

The court should have granted, in substance, the defendant's request to charge the jury on the standard for testing the credibility of a child, since David's testimony was material to the question of the defendant's guilt on the first and third counts and probably on the second count also. *Handler* v. *Remington Arms Co.,* 144 Conn. 316, 320, 130 A.2d 793. Failure to grant this request to charge was harmful error even though the charge on credibility was otherwise adequate. The other requests to charge were covered, in substance, in the charge as given.

It is unnecessary to discuss the other errors assigned.

There is error, the judgment is set aside and a new trial is ordered on all three counts.

In this opinion the other judges concurred.