STATE OF CONNECTICUT *v.* CLAUDE E. HINES

HOUSE, C. J., COTTER, RYAN, SHAPIRO and LOISELLE, Js.

Argued June 9—decided July 12, 1972

*Ira B. Grudberg,* for the appellant (defendant).

*John F. Mulcahy, Jr.,* assistant state's attorney, with whom were *Jerrold H. Barnett,* assistant state's attorney, and, on the brief, *Arnold Markle,* state's attorney, for the appellee (state).

PER CURIAM. The defendant, on a jury trial, was found guilty on five counts of policy playing in violation of § 53-298 of the General Statutes and, in a second part of the information, of being a second offender with a prior conviction on the same charge. The decisive issue on his appeal to this court is whether the trial court erred in admitting during the trial on the first part of the information evidence of the defendant's prior conviction for policy playing.

During the cross-examination of the defendant, he testified that he knew that he had never taken a bet from the state's witness who had testified to placing a bet with him. Then ensued the following questions and answers: "Q. How do you know you never took a bet from him? A. I never taken a bet. Q. You have never taken a bet? A. I never taken no bet from him."

Thereafter, over objection, the state was permitted for purposes of contradicting the testimony of the defendant to inquire of him if he was the Claude E. Hines who, on March 14, 1967, was found guilty in the Circuit Court of the crime of policy playing, to which inquiry the defendant answered "Yes."

Since the prior conviction was for an offense which

was punishable by confinement for a maximum of less than one year, the evidence of the conviction was not admissible under the provisions of § 52-145 of the General Statutes to attack the defendant's credibility on the ground of a prior conviction. *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341. Recognizing this, the evidence was not offered by the state to impeach his credibility on the ground of that conviction but was offered directly to contradict his testimony that he had never taken a bet.

It is unnecessary to discuss whether such evidence should have been admitted under any circumstances in view of the witness' correction of his statement from "I never taken a bet" to "I never taken no bet from him." It is clear that evidence of a prior conviction for the general crime of "policy playing" without specification of the particular criminal act of accepting a wager did not contradict the testimony of the defendant with respect to the taking of any bet. Section 53-298, entitled "Policy playing," provides a penalty for the doing of a great many acts in addition to the act of accepting a wager. It is so broad, for example, that a mortgagee in possession of premises may be convicted of policy playing when he knowingly permits the premises to be used as a place where bets or wagers are made. Thus, evidence of conviction for policy playing, without specification of the particular act constituting the offense, in no way contradicted the testimony of the defendant with respect to the taking of any bet. It was error to admit the evidence and, under the circumstances, it was harmful error.

There is error, the judgment is set aside and the case is remanded for a new trial.