STATE OF CONNECTICUT *v.* ORLANDO BAKER

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, Js.

Argued December 6, 1972—decided January 24, 1973

*Igor I. Sikorsky, Jr.*, for the appellant (defendant).

*Bernard D. Gaffney,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

MacDONALD, J.  This is an appeal from a conviction of the crimes of the sale of marijuana and the possession of a controlled drug.  The sole assignment of error pressed and argued on the appeal raises the issue as to whether the defendant's constitutional rights to due process and speedy trial were violated where the warrant on which he was arrested was issued six months prior to his actual arrest.  Even assuming that the issue now pressed was properly raised in the trial court—a fact which the record does not disclose—we find no merit to the defendant's present claim.

"The Sixth Amendment provides that '[i]n all criminal prosecutions the accused shall enjoy the right to a speedy and public trial . . . .'  On its face, the protection of the Amendment is activated only when a criminal prosecution has begun and extends only to those persons who have been 'accused' in the course of that prosecution.  These provisions would seem to afford no protection to those not yet accused, nor would they seem to require the Government to discover, investigate, and accuse any person within any particular period of time." *United States* v. *Marion,* 404 U.S 307, 313, 92 S. Ct. 455, 30 L. Ed. 2d 468.

"A delayed arrest does not in and of itself deny any constitutional rights.  The Statute of Limitations is a citizen's primary guarantee protecting him from having to answer overly stale criminal charges. . . .  If one is arrested within the time limits imposed by the applicable Statute of Limitations it is incumbent upon him to show that he suf-

fered some significant prejudice as a result of any delay in the making of the arrest." *United States v. Scully,* 415 F.2d 680, 683 (2d Cir.).

In *State v. Hodge,* 153 Conn. 564, 219 A.2d 367, the defendant's claimed denial of his right to a speedy trial was based on a delay between the alleged offense and his arrest rather than, as here, a delay between the issuance and execution of the arrest warrant. In that case we said (p. 567): "Ordinarily, a delay between the time of an offense and the time of making an arrest will not affect the legality of the arrest or of the criminal proceedings subsequent thereto." We then pointed out (p. 569): "Whether an accused has been denied his constitutional right to a speedy trial depends upon the facts in a particular case." And finally, after a discussion of the particular circumstances involved there, we stated (p. 571), in language equally applicable to the facts of this case: " 'Three reasons have been suggested for according an accused a speedy trial: (1) to protect the accused from prolonged preliminary imprisonment; (2) to relieve him of anxiety and public suspicion attendant upon an untried accusation; and (3) to insure that means of proving innocence will be within his reach by minimizing the possibility of witnesses becoming unavailable and their memories dulled.' . . . None of these reasons can be said to apply in this case so as to affect the trial to the disadvantage of the defendant. Under all the circumstances, we conclude that there was no denial of the defendant's right to a speedy trial."

Obviously, the first two reasons mentioned above are not applicable here. With respect to the third, the record discloses no offer of evidence of prejudice by reason of the delay and, on the contrary,

an examination of the appendix to the defendant's brief indicates that the defendant testified as to his whereabouts and activities on the day in question and produced two witnesses to corroborate his testimony. "Any inference that harm did result is negated when the accused testifies in detail, or brings forward an alibi witness." *Robinson* v. *United States,* 459 F.2d 847, 852 (D.C. Cir.).

The applicability of the language of the *Hodge* case to the delay between the issuance and the execution of the arrest warrant is emphasized in *Henson* v. *United States,* 287 A.2d 106, where the District of Columbia Court of Appeals held that the defendant had not been deprived of his right to a speedy trial notwithstanding a nineteen-month interval between the alleged date of offense and the trial including a lapse of more than one year between the issuance and the execution of the arrest warrant. In discussing the far-reaching consequences of *United States* v. *Marion,* supra, the court observed (p. 109) in language peculiarly applicable to the facts of the case before us: "Conceivably, it might be argued that even under *Marion* [404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468] standards, this court should consider not just the time between actual arrest and trial, but the period beginning with the issuance of the warrant because at one point the court refers to speedy trial guarantees as 'applicable only after a person has been accused of a crime' [*Marion,* supra] (at 307, 92 S. Ct. at 457). This seeming ambiguity is cleared up, however, by other language in the opinion, stating 'that it is either a formal indictment or information or else the *actual restraints imposed by arrest and holding to answer a criminal charge* that engages the particular protections of speedy-

trial provision of the Sixth Amendment' (*Id.* at 320, 92 S. Ct. at 463, italics supplied). Moreover—as if in answer to the contention that the delay in serving the warrant was unreasonable and should have been explained by the prosecution —the Supreme Court in the same opinion quoted with approval a commentator's observation— . . . To recognize a general speedy trial right commencing as of the time arrest or charging was possible would have unfortunate consequences for the operation of the criminal justice system. Allowing inquiry into when the police could have arrested or when the prosecutor could have charged would raise difficult problems of proof. . . . [*Marion,* supra] (at 321, n.13, 92 S. Ct. at 464)."

We find that the defendant's constitutional rights to due process and speedy trial were not violated because of the time of issuance of the arrest warrant.

There is no error.

In this opinion the other judges concurred.