STATE OF CONNECTICUT *v.* CHARLIE PEAY

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued October 9—decided November 2, 1973

*Peter J. Zaccagnino, Jr.,* for the appellant (defendant).

*Arnold M. Schwolsky,* assistant state's attorney, with whom, on the brief, was *John D. LaBelle,* state's attorney, for the appellee (state).

PER CURIAM. On a jury trial in the Superior Court in Hartford County, Peay was found guilty on one count of possession of a narcotic drug and on another count of selling a narcotic drug—heroin. On his appeal, the defendant assigned errors in the court's denial of his motion to dismiss the information, its denial of his motion to set aside the jury's verdict, its failure to find certain facts set forth in the defendant's draft finding, and the charge to the jury.

The assignment of error that the court failed to find certain facts claimed in the draft finding was not briefed on the appeal and is, therefore, treated as abandoned. *State* v. *Evans,* 165 Conn. 61, 63, 327 A.2d 576; *State* v. *Grayton,* 163 Conn. 104, 109, 302 A.2d 246; *State* v. *Bitting,* 162 Conn. 1, 3, 291 A.2d 240. Since the denial of a motion to dismiss

is not properly assignable as error, we do not consider it. *State* v. *Anderson,* 152 Conn. 196, 198, 205 A.2d 488; *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446; Maltbie, Conn. App. Proc. § 212.

We find no error in the refusal of the court to charge the jury on the maxim falsus in uno, falsus in omnibus. What we recently said in *Raia* v. *Topehius,* 165 Conn. 231, 234, 332 A.2d 93, is fully applicable to the situation in this case, and the court adequately covered the matter of credibility of witnesses in its charge.

The defendant's attack on the portion of the court's charge regarding the term "possession" is without merit. The court first instructed the jury on the elements of constructive possession, as well as of actual possession, and the defendant excepted on the grounds that the bill of particulars had alleged actual possession of the narcotic. The court thereafter recalled the jury and referred them to the language of the bill of particulars and the state's allegation that the defendant had actual possession of the narcotic on his person and passed it by hand to the undercover police officer who made the purchase. The defendant took no exception to this corrective and final charge. Not only was the court's charge, as corrected, accurate, but we will not consider a claimed error in the charge unless an exception has been duly taken. *State* v. *Evans,* supra, 67.

The evidence as summarized in the appendices to the briefs amply supports the finding of the jury that the defendant was proved guilty beyond a reasonable doubt. The court did not err in refusing to set aside the verdict.

There is no error.