STATE OF CONNECTICUT *v.* LOUIS L'HEUREUX

HOUSE, C. J., SHAPIRO, LOISELLE, MACDONALD and BOGDANSKI, JS.

Argued January 3—decision released May 7, 1974

*Jonathan E. Silbert,* for the appellant (defend-
ant).

*Jerrold H. Barnett,* assistant state's attorney, with whom, on the brief, was *Arnold Markle,* state's attorney, for the appellee (state).

LOISELLE, J.   In a two-part information, the defendant was charged, in the first part, with two counts of assisting, abetting and counseling the sale of heroin by another and one count of possession of heroin. The second part of the information charged the defendant with being a second offender. A jury returned a verdict of guilty on the three counts in the first part and the defendant thereafter pleaded guilty to the second offender charge.   He has appealed from the judgment rendered on the verdict and plea.

The defendant claims seven grounds of error in his brief but they may be considered under three distinct issues:  (1) whether error was committed by the court in its denial of a pretrial motion to dismiss the first count; (2) whether error was committed when the court permitted the state in its cross-examination of the defendant to inquire into two prior convictions for nonsupport; and (3) whether the court's denial of the defendant's motion to dismiss, made after the close of the state's case, was error.

The state claims to have proved that the defendant, the owner of the Nite-Life Restaurant in New Haven, gave his employee, Joseph Yedynak, Jr., heroin to sell for him. On May 15 and May 18, 1970, Yedynak made sales of heroin to undercover officers of the regional crime squad.   Officers of the New Haven police department raided the Nite-Life Restaurant on May 19, 1970, and seized a quantity of narcotics and narcotics paraphernalia on the premises.

In his first motion to dismiss, which was addressed only to the first count, the defendant claimed that he was denied his rights to due process of law and to a speedy trial. No such claim was made as to the other two counts, which charged offenses allegedly committed within three and four days respectively from the offense alleged in the first count. Although the denial of a motion to dismiss is ordinarily not assignable as error; *State* v. *Peay,* 165 Conn. 374, 375, 335 A.2d 296; the defendant's claim will be discussed because it involves "a fundamental constitutional right." *Klopfer* v. *North Carolina,* 386 U.S. 213, 223–26, 87 S. Ct. 988, 18 L. Ed. 2d 1; see *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576.

Prior to trial, a hearing was held on the defendant's motion to dismiss the first count and the court made a finding of facts:[1]    The defendant was

---

[1] The defendant has briefed four of his assignments of error attacking portions of the finding made by the court on this motion. The following question, asked by the state's attorney, and the answer of the defendant, appear in an excerpt from the transcript printed in the appendix to the state's brief: "Q. You indicated that you feel that there were some people who might have helped you establish a defense for the 15th, is that correct? A. Yes."

Nothing in either of the appendices to the briefs supports the finding or the conclusion that the defendant claimed these witnesses "would" help him establish a defense. Since this correction is significant to the defendant's claim of prejudice, the finding of fact and the conclusion on this subject have been modified to indicate that the defendant claimed that the out-of-state witnesses "might" have helped with the defense. Practice Book §§ 627, 628. In addition, the conclusion that "[t]he defendant's claim of surprise and inability to remember was inconsistent with his claim of witnesses who would supply a defense for him" is no longer supported by the finding, as corrected, and has been deleted. *Grodzicki* v. *Grodzicki,* 154 Conn. 456, 460, 226 A.2d 656. The remaining assignment of error covered in the defendant's brief and addressed to the conclusion of the court regarding the showing of prejudice is discussed in the body of the opinion. The assignments of error relating to the finding which are not pursued in the defendant's brief are considered abandoned. *State* v. *Brown,* 163 Conn. 52, 55, 301 A.2d 547.

arrested on May 19, 1970. On December 10, 1970, a substituted information was filed and on February 22, 1971, an amended substituted information was filed. The only difference between the substituted information and the amended substituted information is that the latter alleged that the offense in the first count occurred on May 15, 1970, whereas the former information alleged that it occurred on May 5, 1970. The offense charged in the first count was that the defendant assisted, abetted and counseled Yedynak in the sale of heroin. The second count of both the substituted information and the amended substituted information was that he committed the same crime on May 18, 1970. The third count in both the substituted information and the amended substituted information was that the defendant possessed or had heroin under his control on or about May 19, 1970.

The motion to dismiss was filed March 15, 1971, and the hearing thereon was held March 18, 1971. The defendant's defense to the charge in the first count of the substituted information of December 10, 1970, had been that he was in Washington, D.C., on May 5, 1970. The defendant testified on direct examination that he could not recall the events of May 15, 1970. The defendant claimed that there were people outside the state who might be able to help him establish a defense for May 15, 1970, the date alleged in the first count of the amended substituted complaint of February 22, 1971, but he declined to reveal their identity on the ground that he would like them to be surprise witnesses if he could find them and bring them to New Haven. He also knew that one of the witnesses was brought into the state at some time prior to the hearing. After

the hearing on March 18, 1971, the case was adjourned to the following Wednesday, March 24, 1971, and the defendant had that time to locate his witnesses. The defendant made no claim that any further continuance was needed.

The defendant contends that the modification of the first count, which occurred over nine months after his arrest, violated his rights to a speedy trial and due process in that the delay seriously prejudiced his ability to present a defense, and he claims that the court erred in concluding that he failed to sustain his burden of showing prejudice and in denying the motion for dismissal of the first count. The conclusion of the court is tested by the finding and must stand unless it is logically or legally inconsistent with the facts found or unless it involves some erroneous rule of law material to the case. *Hartford Kosher Caterers, Inc.* v. *Gazda,* 165 Conn. 478, 480, 338 A.2d 497.

The sixth amendment right to a speedy trial has been applied to the states through the guarantee of due process of law under the fourteenth amendment. *Klopfer* v. *North Carolina,* 386 U.S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1. Where delay which is not subject to review on the ground of the right to a speedy trial results in actual prejudice to a defendant's right to a fair trial, the due process clause of the fifth amendment may require dismissal of a prosecution. *United States* v. *Marion,* 404 U.S. 307, 324, 92 S. Ct. 455, 30 L. Ed. 2d 468. In addition, the constitution of the state of Connecticut also assures criminal defendants the rights to a speedy trial and due process of law. Conn. Const., art. I, § 8. It is unclear whether the claim of the defendant is more appropriately considered under the

right to a speedy trial or as part of the right to due process of law. Although appearing in a discussion of delay and unreasonable seizure, the following excerpt from *State* v. *Hodge,* 153 Conn. 564, 567, 219 A.2d 367, is relevant to this case: "[W]here the delay in arresting a defendant (or in otherwise apprising him of the charges against him) continues long after all the evidence has been assembled, and becomes a product of mere convenience to the state, a question of an unreasonable seizure or *lack of a fair trial may arise.*" (Emphasis added.) While the modification of the date of the alleged offense does not fall within a literal interpretation of the phrase "speedy trial," courts have entertained challenges to delays similar to the one in this case under both speedy trial and due process claims. See *United States* v. *Ewell,* 383 U.S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627; *Pollard* v. *United States,* 352 U.S. 354, 77 S. Ct. 481, 1 L. Ed. 2d 393; *United States* v. *Kleinbard,* 333 F. Sup. 699 (E.D. Pa.); *State* v. *Baker,* 164 Conn. 295, 296, 320 A.2d 801; *State* v. *Holloway,* 147 Conn. 22, 156 A.2d 466, cert. denied, 362 U.S. 955, 80 S. Ct. 869, 4 L. Ed. 2d 872. The defendant's claim of error will be examined under both the right to due process and the right to a speedy trial. The question of prejudice is relevant to both issues, although approaches to the requirement to show prejudice differ for speedy trial and due process.

In *Barker* v. *Wingo,* 407 U.S. 514, 92 S. Ct. 2182, 33 L. Ed. 2d 101, the Supreme Court adopted a "balancing test" in which the conduct of both the prosecution and the defendant was to be weighed on a case by case basis in evaluating whether there has been a denial of the right to a speedy trial.

"[S]ome of the factors which courts should assess in determining whether a particular defendant has been deprived of his right . . . [are] [l]ength of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." Id., 530. Thus, the question of whether the defendant's claims of injury to his defense constitute sufficient prejudice to establish a denial of the right to a speedy trial can only be answered after examining the other factors in the case. Greater specificity and harm must be shown where the other factors weigh in the state's favor, while a lesser showing will constitute sufficient prejudice when the other facts support a defendant's argument. See *United States* v. *Dyson,* 469 F.2d 735, 741 (5th Cir.); *Murray* v. *Wainwright,* 450 F.2d 465, 471–72 (5th Cir.).

The delay of over nine months in correcting the date from May 5 to May 15 is not an overwhelming period of time, but the record fails to disclose that the state offered any reason or excuse for its error. The assumption that this was an innocent mistake, which was corrected promptly after discovery, does not excuse the state's action. "Unintentional delays caused by overcrowded court dockets or under-staffed prosecutors are among the factors to be weighed less heavily than intentional delay . . . but, as . . . [the United States Supreme Court] noted in *Barker* v. *Wingo,* 407 U.S. 514, 531 [92 S. Ct. 2182, 33 L. Ed. 2d 101] (1972), they must 'nevertheless . . . be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant.'" *Strunk* v. *United States,* 412 U.S. 434, 436, 93 S. Ct. 2260, 37 L. Ed. 2d 56. The defendant asserted his right to

a speedy trial by the motion for dismissal shortly after the filing of the amended substituted information, and thus no element of waiver operates to weaken the defendant's claim. A nine-month, unexcused delay does not present such a strong case for the defendant that he is excused from the requirement of showing prejudice. Compare *Murray* v. *Wainwright*, supra. The trial court's conclusion that no prejudice was shown is therefore examined.

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect. . . . [The United States Supreme] Court has identified three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired. Of these, the most serious is the last, because the inability of a defendant adequately to prepare his case skews the fairness of the entire system. If witnesses die or disappear during a delay, the prejudice is obvious. There is also prejudice if defense witnesses are unable to recall accurately events of the distant past. Loss of memory, however, is not always reflected in the record because what has been forgotten can rarely be shown." *Barker* v. *Wingo*, supra, 532. In this case, the first two interests are of lesser importance since the defendant was subject to criminal charges under the other two counts of the first part of the information.

Despite the admitted difficulty of showing prejudice, the courts have constructed a very narrow range of showings that will qualify as sufficient prejudice in a case dealing with the issue of a speedy trial. This limitation has been made necessary since

even the shortest and most unavoidable delay may work some detriment to the defense of a criminal case but the extreme remedy of dismissal cannot be granted for every delay. Where the testimony of the accused indicates an ability to remember clearly the occurrences relating to the charges against him, no prejudice has been shown. *United States* v. *Aberson,* 419 F.2d 820, 821 (2d Cir.), cert. denied, 397 U.S. 1066, 90 S. Ct. 1497, 25 L. Ed. 2d 687; *State* v. *Baker,* 164 Conn. 295, 297, 320 A.2d 801. On the other hand, if a defendant merely alleges dimmed memory and inability to locate known or unknown witnesses who might testify on his behalf, he has failed to illustrate prejudice with the required degree of specificity. *United States* v. *Ewell,* 383 U.S. 116, 122, 86 S. Ct. 773, 15 L. Ed. 2d 627; *United States* v. *Churchill,* 483 F.2d 268, 273–74 (1st Cir.). To establish sufficient prejudice to pursue successfully a speedy trial claim, the defendant must show that his case lies in the narrow area between these two situations. For example, the defendant may show that certain witnesses who would provide testimony supporting an alibi defense are unavailable. See *Dickey* v. *Florida,* 398 U.S. 30, 35, nn. 5, 6, 90 S. Ct. 1564, 26 L. Ed. 2d 26.

In the present case, while there is no inconsistency in the claims of loss of memory and of unavailability of witnesses who might have aided the defense, the trial court was correct in concluding that the defendant failed to demonstrate sufficient prejudice for speedy trial purposes. *United States* v. *Ewell,* supra.

To establish that a delay has produced a denial of the right to due process of law, the defendant must provide a specific showing of prejudice. See

*United States* v. *Marion,* 404 U.S. 307, 324, 92 S. Ct.
455, 30 L. Ed. 2d 468. Mere allegations of potential
prejudice, of dimmed memory or of unavailable but
unspecified witnesses are insufficient; *United States*
v. *White,* 470 F.2d 170, 175 (7th Cir.) ; and, thus, the
defendant's testimony and arguments were insuffi-
cient to establish a denial of due process. *United
States* v. *Galardi,* 476 F.2d 1072, 1075 (9th Cir.),
cert. denied, 414 U.S. 839, 856, 94 S. Ct. 90, 160,
38 L. Ed. 2d 75, 106; compare *United States* v. *Klein-
bard,* 333 F. Sup. 699, 702 (E.D. Pa.). The denial
of the defendant's motion to dismiss the first count
was correct under the tests for both the right to a
speedy trial and the right to due process of law.

The next claim of error relates to evidential rul-
ings whereby, on cross-examination of the defend-
ant, the state was permitted to elicit testimony as to
his prior nonsupport convictions. The finding of
the court on this issue reveals that on direct exami-
nation, the defendant testified that his employee,
Yedynak, had urged him to spend less time in the
restaurant and to spend more time with his family.
On cross-examination the state's attorney asked:
"Isn't generally what you are trying to tell us that
you are a family man? [sic]" and the defendant
answered "Now I am, yes." In response to further
questioning by the state, the defendant answered
that he took care of his family and supported and
provided for them. He was then asked if he had
been previously convicted of nonsupport. Over
objection and exception, the defendant answered
that he had been convicted of nonsupport during a
previous marriage and that his present wife was
his third. Over a second objection and exception
he admitted that he did not dispute that there had

been two convictions for nonsupport of one of his previous families and that there were children in that family.

Since the prior conviction was not for an offense which was punishable by confinement for more than one year, "the evidence of the conviction was not admissible under the provisions of § 52-145 of the General Statutes to attack the defendant's credibility on the ground of a prior conviction. *Heating Acceptance Corporation* v. *Patterson,* 152 Conn. 467, 472, 208 A.2d 341. Recognizing this, the evidence was not offered by the state to impeach his credibility on the ground of that conviction but was offered directly to contradict his testimony." *State* v. *Hines,* 163 Conn. 617, 618–19, 316 A.2d 392. It is unnecessary to discuss whether such evidence could have been admitted for the purpose of directly contradicting statements made by the defendant during cross-examination. Evidence of convictions for nonsupport during a previous marriage did not contradict the testimony that at the time of trial the defendant considered himself a "family man." It was error to admit the evidence. *State* v. *Hines,* supra.

The burden of establishing that an error of the trial court is harmful rests on the appellant. *State* v. *Vennard,* 159 Conn. 385, 393, 270 A.2d 837, cert. denied, 400 U.S. 1011, 91 S. Ct. 576, 27 L. Ed. 2d 625. "The application of a state harmless-error rule is . . . a state question where it involves only errors of state procedure or state law." *Chapman* v. *California,* 386 U.S. 18, 21, 87 S. Ct. 824, 17 L. Ed. 2d 705. In deciding whether error was harmful to the defendant's case, the ultimate question is whether

an error is materially injurious to the defendant so as to constitute a cause for reversal. *State* v. *Grimes,* 154 Conn. 314, 318, 228 A.2d 141. Prior to the claimed error, the defendant had testified that in the past he had been convicted of two felony offenses. Thus, the existence of a criminal record had been established. With his credibility already weakened by the admission of these prior offenses, and in light of the other evidence and testimony, the testimony regarding the two additional offenses, both of which are misdemeanors, did not materially injure the defense. We find the error was harmless.

The claim that the court erred in denying the defendant's motion to dismiss all three counts at the close of the state's case is not properly assignable as error and is not within the exception previously set forth in this opinion. *State* v. *Peay,* 165 Conn. 374, 335 A.2d 296; *State* v. *Anderson,* 152 Conn. 196, 198, 205 A.2d 488; *State* v. *Boucher,* 119 Conn. 436, 437, 177 A. 383; Maltbie, Conn. App. Proc. § 212.

During the course of the oral argument of this appeal it was noted that in the judgment, the sentence rendered on the second offender charge was a probable error. By order of the court, supplemental briefs were filed to aid the court in reviewing this issue as part of the defendant's appeal. While this decision was pending, the state instituted a proceeding in the trial court for correction of the printed record under § 675 of the Practice Book. A correction of the record has been filed which rectifies the clerical error made in recording the judgment. The defendant has obtained a review of this action under a motion for review of rectification of appeal, reported in *State* v. *L'Heureux,* 166 Conn. 667, 316 A.2d 422.

The remaining assignments of error were not discussed in the defendant's brief and are considered abandoned. *State* v. *Bitting,* 162 Conn. 1, 3, 291 A.2d 240.

There is no error.

In this opinion the other judges concurred.