STATE OF CONNECTICUT *v.* EDDIE JAMES ECHOLS

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued October 15—decision released December 9, 1975

12

John R. Williams, special public defender, for the appellant (defendant).

William F. Gallagher, special assistant state's attorney, with whom, on the brief, were Arnold Markle, state's attorney, and John Mulcahy, assistant state's attorney, for the appellee (state).

BOGDANSKI, J. A jury found the defendant, Eddie James Echols, guilty of the crime of the sale of a narcotic drug in violation of General Statutes § 19-480 (a). From the judgment rendered, the defendant has appealed claiming that the trial court committed error in allegedly suggesting to the jury that it considered the defendant to be guilty, in concluding that prearrest delay did not prejudice him, in permitting the prosecutor to make improper arguments to the jury, and in making certain rulings on evidence.

The defendant was arrested on June 15, 1971, pursuant to a bench warrant issued June 14, 1971, on an information dated June 11, 1971, charging him with the sale of heroin on December 17, 1970. At the trial, the state produced evidence to prove that on December 17, 1970, a police undercover agent, in the company of a police informer, purchased four glassine bags containing heroin from the defendant. Echols' defense was an alibi. Throughout the trial, he maintained, and offered evidence to prove, that he had not met the under-

cover agent on the date alleged. On direct examination, the agent testified that he had met with the defendant at a neighborhood bar, conversed with him, and walked with him to an automobile where the sale took place. On cross-examination, he was asked if the defendant had called him by name at that meeting. The agent answered, "No." Counsel then asked the reason why. An objection to that question was sustained, whereupon the court interjected: "Ask Mr. Echols why." Immediately, and again as soon as the jury left the courtroom, defense counsel moved for a mistrial. Both motions were denied.

The defendant claims that the trial judge's comment implied that the court believed that the defendant was at the neighborhood bar on the date alleged, and thereby suggested to the jury that the court believed the defendant to be guilty. Because of that comment by the court, the defendant contends that he was denied his right to a fair trial.

Due process requires that a criminal defendant be given a fair trial before an impartial judge and an unprejudiced jury in an atmosphere of judicial calm. U.S. Const., amend. XIV; Conn. Const., art. I, § 8; *Lisenba* v. *California,* 314 U.S. 219, 62 S. Ct. 280, 86 L. Ed. 166; *Wojculewicz* v. *Cummings,* 145 Conn. 11, 19, 138 A.2d 512, cert. denied, 356 U.S. 969, 78 S. Ct. 1010, 2 L. Ed. 2d 1075. In a criminal trial, the judge is more than a mere moderator of the proceedings. It is his responsibility to have the trial conducted in a manner which approaches an "atmosphere of perfect impartiality which is so much to be desired in a judicial proceeding." *Glasser* v. *United States,* 315 U.S. 60, 82, 62 S. Ct. 457, 86 L. Ed. 680; *Quercia* v. *United States,* 289 U.S. 466, 469, 53 S. Ct. 698, 77 L. Ed. 1321. The

action of a judge taking an apparent position of advocacy in a case before him has been continually condemned. *LaChase* v. *Sanders,* 142 Conn. 122, 124–25, 111 A.2d 690; *Commonwealth* v. *Myma,* 278 Pa. 505, 508, 123 A. 486. See *Glasser* v. *United States,* supra; *Quercia* v. *United States,* supra. Judges in this state are given wide latitude to comment fairly and reasonably upon evidence received at trial, and such comments are not improper merely because they tend to point out strengths, weaknesses, or difficulties of a particular case. *Enlund* v. *Buske,* 160 Conn. 327, 331, 278 A.2d 815; *Quednau* v. *Langrish,* 144 Conn. 706, 710, 137 A.2d 544. The court must refrain, however, from making improper remarks which are indicative of favor or condemnation, or which disparage a defendant before the jury. See, e.g., *United States* v. *Chibbaro,* 361 F.2d 365 (3d Cir.); *United States* v. *Salazar,* 293 F.2d 442 (2d Cir.); *Quednau* v. *Langrish,* supra; *LaChase* v. *Sanders,* supra; *Felix* v. *Hall-Brooke Sanitarium,* 140 Conn. 496, 101 A.2d 500. Unless upon the undisputed and admitted facts the defendant's voluntary conduct amounts to the commission of the crime charged, or unless other special circumstances exist, "[t]he trial judge should not express or otherwise indicate to the jury his personal opinion whether the defendant is guilty." A.B.A. Standards Relating to the Function of the Trial Judge § 5.6 (a) (approved draft, 1972). See, e.g., *United States* v. *Murdock,* 290 U.S. 389, 393, 54 S. Ct. 223, 78 L. Ed. 381; *United States* v. *Brandom,* 479 F.2d 830, 833 (8th Cir.); *United States* v. *Musgrave,* 444 F.2d 755, 763 (5th Cir.); *United States* v. *Chibbaro,* supra; *People* v. *Sprinkle,* 27 Ill. 2d 398, 402, 189 N.E.2d 295. See also 23 C.J.S., Criminal Law, § 993.

The court's comment in the instant case could have been reasonably interpreted by the jury as indicating that the court believed the defendant to have been at the bar in question on December 17, 1970, and it could have suggested to the jury that the judge believed that the sale of narcotics occurred at that time.

The state contends that counsel's question concerning the reason the agent's name was not used was an improper one calling for inadmissible testimony, and that the observation of the court was not inappropriate because Echols would be the only person able to answer the question. That reasoning is not persuasive. The trial judge did not explain to the jury that the answer to the question was inadmissible because it would have been impossible for the undercover agent to have knowledge of the mental operation of the defendant. Instead, the court left the bald statement, "Ask Mr. Echols why," before the jury for them to interpret as they saw fit. As lay persons, jurors cannot be presumed to know rules of evidence which are not so easily understood by lawyers, let alone laymen. Absent any further elaboration of the comment by the court, it is reasonable to suppose that the jurors, or some of them, may have in fact inferred from the court's remark that the judge believed the defendant to be guilty.

The degree to which the court's comment influenced the jury's verdict is impossible to appraise precisely. The probability of harm, however, is evident. Moreover, the court's charge to the effect that they were the sole judges of whether the facts

demonstrated the guilt of the accused cannot be said to obviate the probability of harm. We therefore conclude that the trial court's comment constituted prejudicial error.

Since the defendant must be afforded a new trial, his claim that he was denied a fair trial as a result of prearrest delay must be reviewed by us.[1]

There was a six-month delay between the time when the sale of narcotics allegedly occurred and the time when the bench warrant for the defendant's arrest was issued. The court found that the only reason for the delay was to conceal the identities of the undercover agent and the informer.

The defendant claims that the delay prejudiced the presentation of his defense because it resulted in the loss of the police informer's testimony which would corroborate his alibi; because it resulted in the loss of other significant corroborative evidence; and because it caused memories to fade. He argues that when that prejudice is balanced against the reason for the delay, a denial of due process has been established.

"There is no constitutional right to be arrested." *Hoffa* v. *United States*, 385 U.S. 293, 310, 87 S. Ct. 408, 17 L. Ed. 2d 374. An accused's primary protec-

---

[1] If it were concluded that the prearrest delay did give rise to a due process violation, the conviction could be reversed without the necessity of a new trial, because the prejudice complained of here could not be obviated by a second trial. See *United States* v. *Marion*, 404 U.S. 307, 322, 92 S. Ct. 455, 30 L. Ed. 2d 468; *People* v. *Hernandez*, 15 Mich. App. 141, 170 N.W.2d 851. If, however, we were to decline to review the claim at this time, and if the defendant were convicted at his new trial, there is the probability that the issue would again be presented to us on the same facts as now appear.

tion from having to answer to stale criminal charges is the statute of limitations. *United States* v. *Marion,* 404 U.S. 307, 322, 92 S. Ct. 455, 30 L. Ed. 2d 468; *United States* v. *Ewell,* 383 U.S. 116, 122, 86 S. Ct. 773, 15 L. Ed. 2d 627; *United States* v. *Scully,* 415 F.2d 680, 683 (2d Cir.); *State* v. *Baker,* 164 Conn. 295, 296, 320 A.2d 801. When it can be shown, however, that a delay has been intentional, and actual significant prejudice to the accused has thereby resulted, due process requires dismissal of the information. *United States* v. *Marion,* supra, 325; *State* v. *L'Heureux,* 166 Conn. 312, 317, 348 A.2d 578. Mere allegations of potential prejudice, however, are insufficient to establish a denial of due process. *State* v. *L'Heureux,* supra, 322.

In the present case, the court concluded that the defendant was not prejudiced by the delay between the date of the alleged crime and the date of arrest. That conclusion is amply supported by the finding.[2] There was no showing that the informer's testimony would have aided the defendant's case. The disappearance of the informer, in and of itself, was not enough to establish prejudice. See *United States* v. *Childs,* 415 F.2d 535, 539. Cf. *United States* v. *Dickerson,* 347 F.2d 783, 784 (2d Cir.). Moreover, there was no showing that the alibi testimony would have been any more credible if there had not been a six-month delay in arrest, nor was there evidence that other corroborative evidence could have been produced. The court's conclusion must stand. Where a delay does not prejudice the accused, no balance need be struck between the cause and effect

---

[2] Though the defendant has asserted in his brief that portions of his draft finding were improperly excluded, those portions are not material in that the result would not be affected by their inclusion. *Aillon* v. *State,* 168 Conn. 541, 542, 363 A.2d 49.

of delay.[3] The statute of limitations, not the due process clause, defines the limits of protection in such cases.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.

---

[3] Since the defendant was not prejudiced, his assertion that the court erred in failing to allow questioning concerning the reason for delay is irrelevant.