The defendant was found guilty of failure to grant the right of way to an emergency vehicle in violation of 14-283 of the General Statutes.[1]
The action arose from a collision between a motorcycle operated by the defendant and a police car operated by a peace officer of the city of New Haven *Page 378 
on July 1, 1979. An arrest warrant was signed by a judge of the Superior Court on September 27, 1979, and the defendant was arrested eighteen months later on March 9, 1981. Before trial, the defendant moved to have the charges, which are misdemeanors, dismissed on the ground that he was being prosecuted beyond the one-year limitation period prescribed by General Statutes (Rev. to 1979) 54193.[2] This motion was denied and the defendant was subsequently convicted, from which he now appeals.
The first issue presented involves the meaning of the word "prosecuted" as it is used in 54-193; specifically, whether an arrest warrant that is issued within the one-year limitation period governing misdemeanors, but which is executed over one year from the date of the alleged offense, violates this statute of limitations. The state argues that the mere issuance of a warrant commences prosecution and tolls the limitation period. The defendant contends, however, that the execution of the arrest warrant commences prosecution for the purpose of satisfying the statute of limitations.
Statutes of limitations "may be classified in three groups: (1) statutes which provide that an indictment must be found and returned within a specified time after the commission of the offense charged; (2) *Page 379 
statutes which do not refer to the time of the finding of an indictment or the filing of an information, but merely provide that prosecutions must be commenced within a specified time; and (3) statutes which provide that if an indictment is quashed, set aside, dismissed, or otherwise fails, and a new indictment is found or a new information is filed, the time elapsing between the return or filing of the two indictments or informations, respectively, shall not be counted as part of the period of limitation; or that a new indictment may be found and returned or a new information filed within a specified time after the first indictment or information is quashed, or otherwise disposed of." 1 Wharton, Criminal Law and Procedure (Anderson) 184, p. 426. Our statute, 54-193, does not refer to the time of finding of the indictment or the filing of an information, but merely provides that prosecution must be commenced within a specified time. Since 54-193 does not define when prosecution commences, it must be analyzed in the context of the policies underlying limitations statutes.
Our legal system has developed certain safeguards to protect an accused from being prosecuted for stale criminal charges. The primary protection is provided by the statute of limitations. United States v. Marion, 404 U.S. 307,322, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); United States v. Ewell, 383 U.S. 116, 122,86 S.Ct. 773, 15 L.Ed.2d 627 (1966); State v. Echols,170 Conn. 11, 16-17, 364 A.2d 225 (1975); State v. Baker, 164 Conn. 295, 296, 320 A.2d 801 (1973). In deciding when the statute of limitations begins to run, the United States Supreme Court has been guided by a number of considerations: "The purpose of a statute of limitations is to limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may *Page 380 
have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity." Toussie v. United States, 397 U.S. 112, 114-15, 90 S.Ct. 858,25 L.Ed.2d 156 (1970); see United States v. Marion, supra, 323.
Before a defendant can successfully raise the statute of limitations as a defense, however, the limitation period must have expired prior to the filing of formal criminal charges, since this safeguard only protects against "pre-indictment" delay.[3] United States v. Lovasco, 431 U.S. 783,789, 97 S.Ct. 2044, 52 L.Ed.2d 752 (1977); United States v. Marion, supra, 324. A different safeguard exists to protect an accused from delay occurring after charges have been filed against him. Such "post-indictment" delay is protected by the constitutional right to a speedy trial. U.S. Const., amend. VI; Conn. Const., art. I 8. United States v. MacDonald, 456 U.S. 1, 102 S.Ct. 1497,71 L.Ed.2d 696 (1982); United States v. Lovasco, supra, 788; United States v. Marion, supra, 320; State v. L'Heureux, 166 Conn. 312, 317-18,348 A.2d 578 (1974); State v. Hodge, 153 Conn. 564,567-68, 219 A.2d 367 (1966). The issue before us, therefore, is to determine which safeguard is applicable when the arrest is by warrant.
The general rule is that when an arrest warrant is used to charge the commission of a criminal offense, *Page 381 
the mere issuance of the warrant commences prosecution. 1 Wharton, loc. cit.; 21 Am.Jur.2d, Criminal Law 410; 22 C.J.S. 607-608, Criminal Law 234.[4]
Under our law, criminal charges are made against an accused upon complaint when an arrest warrant is issued upon probable cause. General Statutes54-2a; Practice Book 593, 594. The offense is specified in the accompanying information signed by the prosecuting authority. Practice Book 617. The issuance of the arrest warrant, like the filing of a federal indictment, starts the prosecutorial machinery that will provide notice to the accused of the charges against him. See, e.g., United States v. Grady, 544 F.2d 598, 601
(2d Cir. 1976); United States v. Feinberg,383 F.2d 60, 64-65 (2d Cir. 1967) (dictum), cert. denied, 389 U.S. 1044, 88 S.Ct. 788,19 L.Ed.2d 836 (1968). After arrest upon execution of the warrant, the defendant must be brought before the court without undue delay. General Statutes 54-2a; Practice Book 594; accord, Fed.R.Crim.Proc. 9
(c)(1), 4(c)(1), 4(d)(3). Thus, by issuing the arrest warrant, with the attached information, the state has filed charges against the defendant that commenced the prosecution and thereby tolled the statute of limitations. Since the asserted delay here occurred after the warrant was issued, this is a case of "post-indictment" or "post-charge" delay that must be measured under principles of speedy trial rather than statute of limitations.
In the case of Barker v. Wingo, 407 U.S. 514,92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the United States Supreme Court established a four part balancing test. When faced with a speedy trial claim, the court must *Page 382 
examine (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant asserted his right to a speedy trial; and (4) whether the defendant was prejudiced by the delay. Id., 530-33. Despite the failure of both the defendant and the state to argue this as a speedy trial case, we are bound to examine this case in light of these four factors, since "the right to a speedy trial is as fundamental as any of the rights secured by the Sixth Amendment." Moore v. Arizona, 414 U.S. 25, 27-28, 94 S.Ct. 188,38 L.Ed.2d 183 (1973), quoting Klopfer v. North Carolina, 386 U.S. 213, 223, 87 S.Ct. 988,18 L.Ed.2d 1 (1967). Upon doing so, we note that the defendant made no claim or showing of prejudice in the trial court, as was necessary to support his speedy trial claim. Accordingly, we hold that the defendant was not denied his right to a speedy trial.
The second claim raised by the defendant is that there was insufficient evidence to support a finding that there was a violation of 14-283.[5] The gravamen of this claim is that there was no evidence of wilful or negligent conduct on the part of the defendant as required by 14-283 (e).[6] The prosecution and the *Page 383 
defense agree that the willfulness of the defendant in acting in the manner in which he did is not an issue in this appeal.
The defendant claims that the trial court relied solely upon a violation of 14-283 (e) to reach its judgment and failed to consider the law as interpreted in Fasanelli v. Terzo, 150 Conn. 349,189 A.2d 500 (1963), which states that the obligation of a driver to pull over to the right in order to grant the right of way to an emergency vehicle is not absolute when it may be more practical to grant the right of way by making a left turn.
The defendant's claim that there was insufficient evidence to sustain a finding of guilty is based upon the assumption that the court found facts which showed that the defendant was attempting to make a left hand turn, and after it found them or should have found them did not apply them to the law as set forth in the Fasanelli case.
The facts in this case are in dispute and the critical fact which the parties have presented to this court for review is whether the defendant was attempting to make a left hand turn. The trial court in its decision did not note the possibility that the *Page 384 
defendant was making a left hand turn but relied solely upon the defendant's failure to immediately drive to a position parallel to and as close as possible to the right hand edge or curb of the roadway as required by 14-283 (e).
The failure of the trier to articulate his reasons for not considering the prospect that the defendant was attempting to make a left hand turn is not a fatal omission. The trial court heard the evidence and had an opportunity to view the witnesses. If the trial court rejected the defendant's contention that he was attempting to make a left hand turn we as an appellate court cannot retry the facts or pass upon the credibility of the witnesses. State v. Penland,174 Conn. 153, 158, 384 A.2d 356, cert. denied,436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978); Johnson v. Flammia, 169 Conn. 491, 497,363 A.2d 1048 (1975). The facts reviewed as presented lead us to conclude that the court could reasonably find as it did. See State v. Nerkowski, 184 Conn. 520,524, 440 A.2d 195 (1981).
 There is no error.
In this opinion DALY and COVELLO, Js., concurred.