## STATE OF CONNECTICUT *v.* GUILLERMO RAMOS
## (12906)

PETERS, C. J., HEALEY, DANNEHY, CALLAHAN and HENDEL, Js.

Argued September 30—decision released December 23, 1986

*Edward N. Lerner,* with whom, on the brief, was *Gerald M. Klein,* for the appellant (defendant).

*Carl Schuman,* assistant state's attorney, with whom, on the brief, was *John M. Bailey,* state's attorney, for the appellee (state).

HENDEL, J. The issue on this appeal is whether the state's failure to afford the defendant, Guillermo Ramos, a preliminary hearing to determine probable cause within the statutorily prescribed period precluded the state from trying the defendant on the charge of murder. We conclude that the defendant waived his right to a timely probable cause hearing and thus find no error.

The chronology of events is not disputed. On October 16, 1982, Craig Ryan was shot and killed outside a bar in Hartford. Shortly thereafter a warrant was issued for the defendant's arrest.

On November 24, 1982, amendment seventeen to the Connecticut constitution, amending article first, § 8,[1] became effective. The amendment states in part that "[n]o person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law . . . ."

The defendant was arrested in April, 1983. On May 2, 1983, the state filed an information in the Superior Court charging the defendant with the murder of Ryan

---

[1] Amendment seventeen to the Connecticut constitution provides: "Section 8 of article first of the constitution is amended to read as follows:

"In all criminal prosecutions, the accused shall have a right to be heard by himself and by counsel; to be informed of the nature and cause of the accusation; to be confronted by the witnesses against him; to have compulsory process to obtain witnesses in his behalf; to be released on bail upon sufficient security, except in capital offenses, where the proof is evident or the presumption great; and in all prosecutions by information, to a speedy, public trial by an impartial jury. No person shall be compelled to give evidence against himself, nor be deprived of life, liberty or property without due process of law, nor shall excessive bail be required nor excessive fines imposed. No person shall be held to answer for any crime, punishable by death or life imprisonment, unless upon probable cause shown at a hearing in accordance with procedures prescribed by law, except in the armed forces, or in the militia when in actual service in time of war or public danger."

in violation of General Statutes § 53a-54a.[2] On May 26, 1983, General Statutes § 54-46a,[3] which sets forth the procedures for a probable cause hearing, became effective. Section 54-46a (b) provides, in part, for a probable cause hearing to be conducted within sixty days of the filing of the information in the Superior Court, unless the hearing is waived by the accused.

On June 8, 1983, the defendant filed a motion for a probable cause hearing, which the trial court, *Borden, J.,* denied without prejudice. A grand jury was subsequently convened and, on September 7, 1983, it indicted the defendant for murder. On September 16, 1983, the trial court, *Brennan, J.,* consolidated the defendant's case with several others and, with the consent of the defendant, reserved to this court questions concerning the defendant's asserted right to a probable cause hearing.[4] *State* v. *Sanabria,* 192 Conn. 671,

---

[2] Because murder is punishable as a class A felony, the defendant was subject to a term of not less than twenty-five years nor more than life. General Statutes § 53a-35a.

[3] "[General Statutes] Sec. 54-46a. PROBABLE CAUSE HEARING FOR PERSONS CHARGED WITH CRIMES PUNISHABLE BY DEATH OR LIFE IMPRISONMENT. (a) No person charged by the state on or after May 26, 1983, shall be put to plea or held to trial for any crime punishable by death or life imprisonment unless the court at a preliminary hearing determines there is probable cause to believe that the offense charged has been committed and that the accused person has committed it. The accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause.

"(b) Unless waived by the accused person or extended by the court for good cause shown, such preliminary hearing shall be conducted within sixty days of the filing of the complaint or information in superior court. . . ."

[4] The trial court reserved the questions pursuant to General Statutes § 52-235, which provides: "(a) The superior court, or any judge of the court, with the consent of all parties of record, may reserve questions of law for the advice of the supreme court or appellate court in all cases in which an appeal could lawfully have been taken to said court had judgment been rendered therein.

"(b) The court or judge making the reservation shall, in the judgment, decree or decision made or rendered in such cases, conform to the advice of the supreme court or the appellate court."

681, 682, 474 A.2d 760 (1984). In answering the reserved questions, we concluded on April 10, 1984, that all persons, including the defendant, being held for crimes punishable by death or life imprisonment and not indicted by a grand jury before May 26, 1983, were entitled to a probable cause hearing before their cases went to trial, regardless of the dates they were arrested or charged by information. Id., 699.

After our decision in *Sanabria,* the defendant filed a motion to dismiss the charges against him because he had not received a probable cause hearing within sixty days from the filing of the information in Superior Court. The motion was denied.

One month after *Sanabria* was decided, and before the defendant was tried, the Superior Court conducted a probable cause hearing and determined that there was probable cause to believe the defendant had committed the offense charged. Prior to trial, the defendant again moved to dismiss the charges against him, and again his motion was denied. The defendant was tried for murder and convicted of the lesser included offense of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1). The defendant then filed a motion for a new trial, renewing his claim that, because he had not received a probable cause hearing within the prescribed sixty day period, he should not have been brought to trial for murder. The motion was denied and the defendant was sentenced to a prison term of sixteen years.

The defendant now claims that the trial court erred in denying his motion to dismiss because the probable cause hearing was held more than sixty days after the information was filed.

Before addressing the merits of the defendant's claim, we must first determine whether the claim is reviewable. Ordinarily, the denial of a motion to dis-

miss is not assignable as error. *State* v. *Peay,* 165 Conn. 374, 374–75, 335 A.2d 296 (1973); *State* v. *Smith,* 149 Conn. 487, 489, 181 A.2d 446 (1962). Such a claim, however, will be entertained if it involves a fundamental constitutional right. *State* v. *Troynack,* 174 Conn. 89, 90–91, 384 A.2d 326 (1977); *State* v. *L'Heureux,* 166 Conn. 312, 315, 348 A.2d 578 (1974); cf. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

Amendment seventeen to the Connecticut constitution expressly guarantees that no person shall be held for a crime punishable by death or life imprisonment unless probable cause is shown at a hearing. The preliminary probable cause hearing system acts as a constitutional safeguard to afford an accused greater protection of his rights than did the former grand jury system. *State* v. *Mitchell,* 200 Conn. 323, 331, 512 A.2d 140 (1986). In deciding to review the evidence presented at a probable cause hearing, we reasoned in *Mitchell* that the right to a probable cause hearing is of such importance that the defendant must be able to challenge the hearing itself on appeal or the expanded protection afforded by the amendment would be but a hollow shell. Id.

The state attempts to distinguish *Mitchell* by arguing that *Mitchell* concerned a constitutional challenge to the amendment itself, while the defendant's claim here is based solely on procedures prescribed by the implementing statute and thus has no constitutional basis. We cannot agree with the state's rationale. As we have previously stated, the amendment, coupled with its implementing legislation, has created an expansive new right; *State* v. *Mitchell,* supra, 329–30; and the substantive right that amendment accords is so intimately bound up with its procedural underpinnings that the procedures are the constituent parts of the right itself. *State* v. *Sanabria,* supra, 690. Therefore, because the defendant has a constitutional right not to be tried

without probable cause being found according to the procedures set forth in General Statutes § 54-46a, and the denial of his motion to dismiss implicates that constitutional right, we will address the defendant's claim.

The defendant claims that he was entitled to a probable cause hearing within sixty days after the information against him was filed. Because he did not receive a hearing within that time, he asserts that the state was barred from placing him on trial for murder. Although General Statutes § 54-46a (b) provides that an accused shall be afforded a probable cause hearing within sixty days of the filing of the information, § 54-46a (a) provides that the "accused person may knowingly and voluntarily waive such preliminary hearing to determine probable cause."

In *Johnson* v. *Zerbst,* 304 U.S. 458, 464, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938), the United States Supreme Court articulated the classic definition of waiver, stating a "waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege." An effective waiver presupposes full knowledge of the right or privilege allegedly waived and some act "done designedly or knowingly to relinquish it." *State* v. *Toste,* 178 Conn. 626, 630, 424 A.2d 293 (1979); see *Schneckloth* v. *Bustamonte,* 412 U.S. 218, 238, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973). Moreover, the waiver must be " 'accomplished with sufficient awareness of the relevant circumstances and likely consequences.' " *State* v. *Shockley,* 188 Conn. 697, 706, 453 A.2d 441 (1982), quoting *State* v. *Reed,* 174 Conn. 287, 293, 386 A.2d 243 (1978).

The existence of the waiver depends on "the unique circumstances of each case"; *Adams* v. *United States ex rel. McCann,* 317 U.S. 269, 278, 63 S. Ct. 236, 87 L. Ed. 269 (1942); and the particular facts and conditions surrounding that case, "including the background,

experience and conduct of the accused." *Johnson* v. *Zerbst,* supra; *State* v. *Shockley,* supra, 707. The waiver, however, does not have to be express, but may be implied from the acts or conduct of the defendant. *McClain* v. *Manson,* 183 Conn. 418, 430, 439 A.2d 430 (1981).

In the present case the defendant was fully aware of his right to receive a probable cause hearing within sixty days after the filing of an information against him, as evidenced by his June 8, 1983 motion requesting a preliminary hearing. Upon the denial of this motion, if the defendant had done nothing further and challenged the court's ruling subsequent to conviction, it would be clear that he had not waived his right to a hearing within the statutorily prescribed period. Cf. *State* v. *Timmons,* 7 Conn. App. 457, 509 A.2d 64, cert. granted, 201 Conn. 802, 513 A.2d 697 (1986).

The defendant, however, relinquished any claim to his right to a probable cause hearing within the prescribed time period by consenting to the reservation in *Sanabria* prior to trial. By joining in *Sanabria,* the defendant was, in effect, seeking a preliminary hearing before his case went to trial. Having sought, and subsequently received, a probable cause hearing after the period prescribed by § 54-46a (b), the defendant cannot now challenge the conviction because he did not receive a hearing within the prescribed time. We conclude that the defendant knowingly and voluntarily waived his right to a hearing within sixty days of the filing of an information charging him with murder by participating in the reservation to this court in *State* v. *Sanabria.* We, therefore, find no error.

In this opinion the other justices concurred.