[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO REOPEN JUDGMENT OF STRICT FORECLOSURE
Factual Background CT Page 10041
This is a foreclosure action which was commenced on July 6, 1990 and was returnable on August 14, 1990. Although defenses were filed, an amended complaint was filed on December 11, 1991. The action, however, had been dismissed by the court on December 6, 1991. A motion to reopen was not filed until April 9, 1992, more than five months after the entry of the judgment of dismissal and in contravention of the provisions of General Statutes 52-212a.[1] The court however granted the motion to reopen on June 8, 1992.
Following this action by the court, several motions were filed by both the plaintiff and the defendants without invoking any jurisdictional claims. An answer and special defense was also filed. Judgment of foreclosure was entered on November 16, 1992, which the court set aside on the grounds of alleged factual misrepresentation but was reentered on July 19, 1993 after the defendants failed to comply with a court order of production. No claim was made during this entire period (from the granting of the reopening of judgment on June 8, 1992 until the filing of this motion on August 3, 1993) that the court's action on June 8, 1992 was invalid.
The defendants now claim that this action must be dismissed because the court had no authority to reopen it under 52-212a."
Law and Conclusion
The jurisdiction at issue in this case is that of jurisdiction over the parties. The time limit provisions of52-212a are a limitation on the prejudiced party rather than as a jurisdictional barrier to the exercise of judicial power. Ruggiero v. Ruggiero, 35 Conn. Sup. 581, 586-587 (1978).
Put another way, the statute imposes an impediment to jurisdiction over the person. "The lack of jurisdiction rests upon the fact that the parties are no longer amenable to judicial process in the action." Foley v. Douglas Bro., Inc., 121 Conn. 377, 380 (1936). A lack of jurisdiction over the person may, however, be waived. Fine v. Wencke, 117 Conn. 683,684 (1933). 52-212a expressly provides for waiver by the parties. Waiver is ordinarily the intentional relinquishment or abandonment of a known right or privilege. State v. Ramos, 201 Conn. 598, 603 (1986), citing Johnson v. Zerbst, 304 U.S. 458, 464 (1938). The waiver, however, does CT Page 10042 not have to be expressed, but may be implied from the acts or conduct of a party. State v. Ramos, supra, 604.
When a party actively contests the issues, he waives any claim of lack of jurisdiction. Foley v. Douglas Bro., Inc., supra 380.
In this case, it is clear that the defendants never pursued any jurisdictional claim until after judgment was rendered (for the second time).
The motions and pleadings filed by the defendants compel this court to conclude that they have, indeed, waived any jurisdictional defect in this action.
The motion to reopen judgment is denied.
Freed, J.