Grafton
No. 2003-835

THE STATE OF NEW HAMPSHIRE

v.

ALLEN NADLER

Argued: June 10, 2004
Opinion Issued: July 15, 2004

*Peter W. Heed,* attorney general (*N. William Delker,* senior assistant attorney general, on the brief and orally), for the State.

*Shuchman, Krause & Vogelman, P.L.L.C.,* of Exeter (*Lawrence A. Vogelman* and *Joel T. Shaw* on the brief, and *Mr. Vogelman* orally), for the defendant.

DALIANIS, J. The defendant, Allen Nadler, brings this interlocutory appeal, *see* SUP. CT. R. 8, from an order of the Superior Court (*Burling*, J.) denying his pretrial motion to dismiss two felony counts of engaging in "unnatural and lascivious" acts, *see* RSA 579:9 (1955) (repealed 1973). We affirm and remand.

The defendant was indicted on April 18, 2003, for acts that took place in 1967, thirty-six years prior to the indictments, when the defendant tutored the alleged victim, Edward H., who was then thirteen years old. At the time of the alleged incidents, the defendant was a student at Dartmouth College. Following his graduation from Dartmouth in 1967, the defendant left New Hampshire; he has not been a resident of New Hampshire since that time. Although Edward H. told his parents about the alleged incidents at the time they allegedly occurred, his parents did not believe him. Edward H. did not report these alleged incidents to the proper authorities until February 2002, which resulted in the instant indictments. The defendant filed a motion to dismiss the indictments, which was denied by the trial court, and this interlocutory appeal followed.

The defendant argues that the prosecution is barred by the statute of limitations in effect at the time the defendant allegedly committed the illegal actions. *See* RSA 603:1 (1955) (repealed 1977). He also argues that this prosecution violates his right to due process under the State and Federal Constitutions. N.H. CONST. pt. I, art. 14; U.S. CONST. amends. V, XIV. Finally, he argues that the tolling provision of RSA 603:1 is unconstitutional as applied to him.

The defendant first argues that the State is barred from prosecuting him because of the six-year statute of limitations. *See* RSA 603:1. He contends that because he was not a "party charged" at the time he left the State, the nonresident tolling provision of former RSA 603:1 does not apply.

Because resolution of this issue requires statutory interpretation, which is a matter of law, we review the trial court's decision *de novo*. In matters of statutory interpretation, we are the final arbiter of the intent of the legislature as expressed in the words of a statute considered as a whole. We begin our analysis by looking to the language of the statute itself. If the language is plain and unambiguous, then we need not look beyond it for further indication of legislative intent. *State v. Merriam*, 150 N.H. 548, 549 (2004).

Former RSA 603:1 stated:

> Indictments and prosecutions for offenses punishable by fine not exceeding one hundred dollars, or by imprisonment not exceeding six months, shall be found or begun within one year,

and all other informations and indictments, except for treason, murder, rape, arson, robbery or burglary, shall be filed or found within six years after the offense is committed; but the time during which the party charged was not usually and publicly resident within this state shall not be reckoned as part of the time aforesaid.

The defendant contends that by "utilizing the specific term 'party charged' the legislature intended to target individuals who had been formally accused of a crime at the time that they escaped the jurisdiction." The defendant further asserts that when he "left New Hampshire in 1967, he was not a 'party charged,' nor would he be for another thirty-six years," meaning that the tolling provision of RSA 603:1 "never became operative before the six-year statute of limitations expired in 1973." Finally, the defendant contends that the statute is only meant to apply to a person "who, after being accused of a crime, left the jurisdiction and went into hiding to escape prosecution . . . ."

The State argues that "[u]nder the plain language of RSA 603:1, the statute of limitations stops running once formal charges are lodged against the defendant"; thus, "there would be no need for the tolling provision if the defendant's argument were accepted." The State points to the language in the statute stating, "Indictments and prosecutions for offenses . . . shall be filed or found within six years after the offense is committed."

We agree with the State, because, as the State argues, "[i]f the party left New Hampshire after formal charges were made against the person, the statute of limitations would already have stopped running as a result of the fact that" the charges would already have been "filed or found." Thus, if the defendant, as a "party charged," were to flee the State, the tolling provision would not apply because the statute of limitations would have already stopped running.

■ Furthermore, RSA 603:1 plainly states that the six-year statute of limitations will be tolled if the "'party charged' *was* not usually or publicly resident within this State." (Emphasis added.) It is clear that the legislature contemplated, by the use of the past tense, consideration of a party's absence from the State prior to that person having been charged with the offense. Thus, there is no support within the plain and unambiguous language of the statute for the defendant's argument that the statute is meant to apply to those defendants who flee the jurisdiction to avoid the prosecution of a crime. Rather, it is clear that the legislature meant to toll the statute of limitations for persons who leave the State after having committed a crime, but prior to having been charged with that

crime. A defendant's motive for leaving the State appears nowhere within the statute and, therefore, is irrelevant.

The defendant next argues that even if the tolling provision of former RSA 603:1 applies to his case, "the thirty-six year pre-indictment delay substantially prejudiced [his] ability to mount a defense." He argues that the delay violated his State and Federal Constitutional rights to due process. N.H. CONST. pt. I, art. 14; U.S. CONST. amends. V, XIV.

We first address the defendant's claims under the State Constitution, and cite federal opinions for guidance only. *State v. Ball*, 124 N.H. 226, 231-33 (1983).

"[A]pplicable statutes of limitations protect against the prosecution's bringing stale criminal charges against [a] defendant." *United States v. Gouveia*, 467 U.S. 180, 192 (1984). Nonetheless, the Due Process Clause has a limited role to play in protecting against oppressive delay. *State v. Varagianis*, 128 N.H. 226, 228 (1986). The United States Supreme Court has held that the Fifth Amendment "requires the dismissal of an indictment, even if it is brought within the statute of limitations, if the defendant can prove that the Government's delay in bringing the indictment was a deliberate device to gain an advantage over him and that it caused him actual prejudice in presenting his defense." *Gouveia*, 467 U.S. at 192; *see also United States v. Stokes*, 124 F.3d 39, 47 (1st Cir. 1997), *cert. denied*, 522 U.S. 1139 (1998).

■ We have recognized that an arbitrary delay between the time of an offense and the arrest or indictment of a defendant may result in a denial of due process. *State v. Philibotte*, 123 N.H. 240, 244 (1983). We have held that to demonstrate a due process violation, a defendant must first show that actual prejudice resulted from the delay, and the trial court must then balance the resulting prejudice against the reasonableness of the delay. *Varagianis*, 128 N.H. at 228. We have not yet addressed whether the defendant need prove, under the State Constitution, that the State's delay constituted a "deliberate device to gain an advantage over him," *Gouveia*, 467 U.S. at 192. *See State v. Weeks*, 137 N.H. 687, 697-98 (1993).

■ We need not decide this issue, however, because the defendant has not shown that the delay was caused by the State. As the defendant concedes, "virtually no part of the delay can be attributed to the prosecution . . . . All of the delay, however, can be attributed to the alleged victim." As such we find that the pre-indictment delay was not unreasonable, nor was it arbitrary. Because there is no claim on the part of the defendant that the State delayed in pursuing him once the crime had been reported by the alleged victim, the defendant's right to due process has not been violated under the State Constitution.

 Similarly, because the State did not cause the delay, the defendant has not demonstrated that the pre-indictment delay constituted a deliberate device employed by the State to gain an advantage over him. *See Gouveia,* 467 U.S. at 192. Accordingly, we reach the same result under the Federal Constitution.

The defendant's final issue on appeal is that the tolling provision of former RSA 603:1 is unconstitutional as applied to him. We find that the defendant's argument is undeveloped because he merely restates the facts of the case without addressing their application to his constitutional argument. Therefore, we decline to address this argument. *State v. Schultz,* 141 N.H. 101, 104 (1996).

*Affirmed and remanded.*

NADEAU, DUGGAN and GALWAY, JJ., concurred.