******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# STATE OF CONNECTICUT *v.*
# BRANDT SANDERSON
# (AC 47622)

Elgo, Suarez and Seeley, Js.

*Syllabus*

Convicted, following a conditional plea of nolo contendere, of risk of injury to a child, the defendant appealed. He claimed that the trial court improperly denied his motion to dismiss, in which he alleged that his right to due process under article first, §§ 8 and 9, of the state constitution was violated because of an approximately twenty year delay between the commission of the crime and the date of his arrest. *Held*:

The trial court properly denied the motion to dismiss, as the defendant did not establish that the prearrest delay caused him actual and substantial prejudice, which he was required to demonstrate under *State* v. *McFarland* (353 Conn. 169) to establish a violation of his right to due process under the state constitution.

This court declined the defendant's invitation to create an exception to the rule in *McFarland* that would permit him to establish prejudice based on the mere passage of time between his conduct and the time of his arrest, as the court in *McFarland* squarely held that a defendant must establish actual and substantial prejudice when making a prearrest due process claim under the state constitution.

Argued January 15—officially released June 2, 2026

*Procedural History*

Substitute information charging the defendant with the crime of risk of injury to a child, brought to the Superior Court in the judicial district of Middlesex, where the court, *Hon. Julia DiCocco Dewey*, judge trial referee, denied the defendant's motion to dismiss; thereafter, the defendant was presented to the court on a conditional plea of nolo contendere; judgment of guilty, from which the defendant appealed to this court. *Affirmed*.

*Chad L. Edgar*, assigned counsel, for the appellant (defendant).

*Henry J. Seyue*, certified legal intern, with whom were *Nathan J. Buchok*, assistant state's attorney, and, on

the brief, *Michael A. Gailor*, state's attorney, for the appellee (state).

*Opinion*

SUAREZ, J. The defendant, Brandt Sanderson, appeals from the judgment of conviction, rendered after a conditional plea of nolo contendere,[1] of the crime of risk of injury to a child in violation of General Statutes § 53-21 (a) (2).[2] On appeal, the defendant claims that the trial court improperly denied his pretrial motion to dismiss. Specifically, the defendant argues that the state's delay in executing the warrant for his arrest (pre-arrest delay)[3] violated his right to due process under the

---

[1]General Statutes § 54-94a provides: "When a defendant, prior to the commencement of trial, enters a plea of nolo contendere conditional on the right to take an appeal from the court's denial of the defendant's motion to suppress or motion to dismiss, the defendant after the imposition of sentence may file an appeal within the time prescribed by law provided a trial court has determined that a ruling on such motion to suppress or motion to dismiss would be dispositive of the case. The issue to be considered in such an appeal shall be limited to whether it was proper for the court to have denied the motion to suppress or the motion to dismiss. A plea of nolo contendere by a defendant under this section shall not constitute a waiver by the defendant of nonjurisdictional defects in the criminal prosecution."

[2]General Statutes § 53-21 (a) provides: "Any person who . . . (2) has contact with the intimate parts, as defined in section 53a-65, of a child under the age of sixteen years or subjects a child under sixteen years of age to contact with the intimate parts of such person, in a sexual and indecent manner likely to impair the health or morals of such child . . . shall be guilty of (A) a class C felony for a violation of subdivision (1) or (3) of this subsection, and (B) a class B felony for a violation of subdivision (2) of this subsection, except that, if the violation is of subdivision (2) of this subsection and the victim of the offense is under thirteen years of age, such person shall be sentenced to a term of imprisonment of which five years of the sentence imposed may not be suspended or reduced by the court."

We note that the incidents that led to the risk of injury charge in this case occurred between June 2002 and January 2003. Although § 53-21 had been amended in 2002; see Public Acts 2002, No. 02-138, § 4; and several times thereafter; see Public Acts 2015, No. 15-205, § 11; Public Acts 2013, No. 13-297, § 1; Public Acts 2007, No. 07-143, § 4; those amendments have no bearing on the merits of this appeal. In the interest of simplicity, we refer to the current revision of § 53-21.

[3]"Courts generally use the terms prearrest delay, preindictment delay, and preaccusation delay interchangeably in the due process context." (Internal quotation marks omitted.) *State* v. *McFarland*, 353 Conn. 169, 176 n.3, 341 A.3d 859 (2025).

Connecticut constitution. We disagree and, accordingly, affirm the judgment of the court.

The following facts, which are either undisputed or reasonably could have been found by the trial court, are relevant to this appeal. During the period of time from approximately June 2002 to January 2003, the victim[4] was fourteen years old and the defendant was a twenty year old volunteer youth pastor at a church located in East Haddam. During that time, the defendant was a mentor for a church youth group in which the victim was involved. The defendant spent time with the victim in connection with the church youth group, and, eventually, the defendant kissed and fondled the victim's genitalia, which subsequently progressed to other forms of sexual contact, including penile-vaginal penetration and other types of intercourse.

The police were first made aware of the defendant's conduct on March 4, 2019, when a friend of the victim reported to the Colchester Police Department that the victim had disclosed to her that the defendant had "sexually molested" her when she was fourteen years old. On March 8, 2019, Officer Rhoades, a police officer in Connecticut, spoke to Detective Michelle Gallegos from the Seattle Police Department in Seattle, Washington, where the victim lived at that time. Gallegos subsequently reported that she had obtained a statement from the victim on March 20, 2019, which was video-recorded. In that statement, the victim indicated that the sexual assault had occurred over an approximately six month period from the spring of 2002 until January 2003.

Thereafter, in Connecticut, the state's attorney's office, together with the Connecticut State Police,

---

[4]In accordance with our policy of protecting the privacy interests of the victims of the crime of risk of injury to a child, we decline to identify the victim or others through whom the victim's identity may be ascertained. See General Statutes § 54-86e.

Moreover, in accordance with federal law; see 18 U.S.C. § 2265 (d) (3) (2024); we decline to identify any person protected or sought to be protected under a protection order, protective order, or a restraining order that was issued or applied for, or others through whom that person's identity may be ascertained.

commenced an investigation that lasted for approximately three and one-half years. During that time, the police interviewed the victim and multiple witnesses, several of whom were located outside of Connecticut. The victim met with Detective Erin J. Lowney of the Connecticut State Police at Troop K in Colchester on June 7, 2019. During that meeting, the victim told Lowney that she had disclosed the sexual abuse by the defendant to two friends during their senior year of high school.[5] During that meeting, the victim also provided to the police a written authorization to obtain certain of her medical records, as well as various personal items, including a calendar, journal, and photographs of her with the defendant. In November 2019, the police contacted the church where the defendant and the victim had participated in the youth group, and an attorney representing the church reported that the church had no records from the time frame when the events allegedly occurred.

On July 21, 2022, Lowney filed an application for an arrest warrant, which was signed a few days later by the court, *Oliver, J.* In August 2022,[6] the defendant was arrested and charged with risk of injury to a child in violation of § 53-21 (a) (2).

On April 21, 2023, the defendant filed a motion to dismiss the charge against him, arguing, inter alia, that the prearrest delay violated his due process rights under the Connecticut constitution. See Conn. Const., art. I, §§ 8 and 9.[7] Specifically, the defendant asserted that,

---

[5] The arrest warrant application reveals that the police interviewed these two witnesses, each of whom confirmed that the victim had disclosed the sexual abuse to them sometime between 2004 and 2006.

[6] Although the trial court's memorandum of decision concerning the defendant's motion to dismiss states that the defendant was arrested in August 2020, this appears to be a scrivener's error.

[7] Article first, § 8, of the Connecticut constitution provides in relevant part that "[n]o person shall . . . be deprived of life, liberty or property without due process of law . . . ."

Article first, § 9, of the Connecticut constitution provides: "No person shall be arrested, detained or punished, except in cases clearly warranted by law."

In his motion to dismiss, the defendant also alleged a due process claim under the federal constitution. On appeal, however, he asserts a due process claim under the state constitution only.

"[i]n the totality of the circumstances, where the initial report was made approximately seventeen years after the alleged conduct, and where the arrest warrant was issued just short of two years past the last portion of the investigation that is documented in the arrest warrant affidavit," the delays in this case were so unreasonable as to constitute a violation of his due process rights. The defendant further argued that the last witness interview referenced in the arrest warrant application occurred in August 2020 and that the warrant "provide[d] no explanation for the delay from the time that the complaint was lodged to the time that the warrant was submitted."

The court, *Hon. Julia DiCocco Dewey*, judge trial referee, held an evidentiary hearing on the motion to dismiss on June 20, 2023. During the hearing, Lowney and Michael A. Gailor, the state's attorney for the judicial district of Middlesex, testified, and the arrest warrant application and a supplemental police report were admitted into evidence. Lowney testified that she first submitted an initial arrest warrant application and "casebook" to the state's attorney's office in November 2020. In response, the state's attorney's office asked Lowney to obtain additional information, including the victim's complete therapy records. Lowney testified that she submitted a second draft of the arrest warrant application on March 8, 2022. Lowney submitted the final arrest warrant application, which was ultimately signed by Gailor, on or about July 16, 2022. In addition to interviewing several out-of-state witnesses, Lowney testified that, during the investigation, she was handling multiple cases, and the investigation occurred during the COVID-19 pandemic, which further contributed to the delay.

At the hearing, defense counsel questioned Gailor as to why the arrest warrant was not signed until July 2022, when Lowney initially had submitted materials to the state's attorney's office in November 2020. Gailor responded that he wanted Lowney to "follow up on a number of issues," as he did not believe that the state

had the victim's complete medical records. He testified that he wanted to obtain the victim's complete psychiatric records to see if they contained any exculpatory information. Gailor also testified concerning discussions he had with the victim regarding her reservations about proceeding with the case and about providing an authorization to obtain her treatment records.

Subsequently, in a memorandum of decision dated July 26, 2023, the trial court denied the defendant's motion to dismiss. Therein, the court stated: "In order to establish a federal due process violation based upon prearrest delay, the defendant must show actual and substantial prejudice and, further, must establish that the reasons for the delay were unjustifiable. . . . The defendant has not met either prong of this burden. He turns, instead, to a claim that the state constitution affords broader protections.

"In [*State* v. *McFarland*, Docket No. CR-19-342524, 2023 WL 2204209 (Conn. Super. January 19, 2023)], the trial court applied the more expansive state court constitutional analysis. However, even this standard would not afford the defendant the result he desires. The evidence before the court establishes neither prejudice to the defendant nor unjustifiable delay. His argument, [which is based on] speculation, is not the type of evidence that this court can rely upon."[8] (Citation omitted.)

Thereafter, the defendant entered a conditional plea of nolo contendere, reserving his right to file an appeal

---

[8] We note that the trial court issued its memorandum of decision and the parties filed their initial appellate briefs prior to the release of our Supreme Court's decision in *State* v. *McFarland*, 353 Conn. 169, 341 A.3d 859 (2025). In *McFarland*, the court held that a claim of prearrest delay under the due process clauses of the Connecticut constitution; see footnote 7 of this opinion; is governed by a balancing test, pursuant to which the defendant first bears the burden of proving actual and substantial prejudice, and, once the defendant has "made this threshold showing, the burden shifts to the state to establish the reasons for the delay." *State* v. *McFarland*, supra, 178.

For the reasons we will discuss, although the trial court did not have the benefit of *McFarland* when issuing its decision, we conclude that the court correctly determined that the defendant did not establish actual and substantial prejudice, which is required under both *McFarland* and

from the trial court's denial of his motion to dismiss. After a canvass of the defendant, the court accepted the conditional plea, entered a finding of guilty, and sentenced the defendant to five years of incarceration, execution suspended, and ten years of probation. This appeal followed.

On appeal, the defendant claims that the trial court improperly denied his motion to dismiss because the prearrest delay violated his right to due process under the Connecticut constitution. Specifically, in arguing that his state constitutional due process rights were violated, he points to the nearly twenty year delay between the date of the alleged commission of the crime and his arrest, as well as the more than three year delay between the time that the victim contacted the police and his arrest.[9] The defendant argues that, under the standard recently adopted by our Supreme Court in *State* v. *McFarland*, 353 Conn. 169, 178, 341 A.3d 859 (2025), he established actual and substantial prejudice, and, after balancing the prejudice to him against the state's reasons for the delay, he must prevail on his claim.[10] We conclude that

the federal due process framework outlined in *United States* v. *Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971), and *United States* v. *Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977), as discussed in *McFarland*.

[9]It is undisputed that the state commenced its prosecution of the defendant within the applicable statute of limitations, which, at the time of the defendant's alleged conduct, was thirty years from the date that the victim attained the age of majority. See General Statutes (Rev. to 2001) § 54-193a, as amended by Public Acts 2002, No. 02-138, § 1 ("[n]otwithstanding the provisions of section 54-193, no person may be prosecuted for any offense, except a class A felony, involving sexual abuse, sexual exploitation or sexual assault of a minor except within thirty years from the date the victim attains the age of majority or within five years from the date the victim notifies any police officer or state's attorney acting in such police officer's or state's attorney's official capacity of the commission of the offense, whichever is earlier").

In 2019, the legislature repealed § 54-193a; see Public Acts 2019, No. 19-16, § 23; and eliminated the statute of limitations for offenses involving sexual abuse of a minor. See Public Acts 2019, No. 19-16, § 17; General Statutes § 54-193 (a).

[10]Neither party disputed the applicability of *McFarland* at oral argument before this court. We note the concern raised by Justice D'Auria in his concurring opinion in *McFarland* that, "[u]nresolved, but likely to arise almost immediately, is whether the new balancing test announced today will apply retroactively to defendants who already have been

the court correctly determined that the defendant did not establish actual and substantial prejudice as a result of the prearrest delay, and, therefore, we reject his claim.[11]

We first set forth the applicable standard of review and legal principles that are relevant to our resolution of the defendant's claim. "We initially address the standard of review for a trial court's denial of a motion to dismiss. Because a motion to dismiss effectively challenges the jurisdiction of the court, asserting that the state, as a matter of law and fact, cannot state a proper cause of action against the defendant, our review of the court's legal conclusions and resulting denial of the defendant's motion to dismiss is de novo. . . . Factual findings

convicted who might, by way of habeas corpus or otherwise, seek judicial review of the reasons why the state delayed their arrest." *State* v. *McFarland*, supra, 353 Conn. 216 n.11. In the present case, however, there are no retroactivity concerns because the threshold requirement of actual and substantial prejudice set forth in *McFarland* is part of the preexisting federal due process framework in *United States* v. *Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971), and *United States* v. *Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977). See footnote 8 of this opinion.

[11]Because the defendant did not meet his threshold burden of establishing actual and substantial prejudice, we need not proceed to the next step of the analysis outlined in *McFarland*, in which the burden shifts to the state to offer reasons for the delay and the court then "balances" the prejudice to the defendant against the state's proffered explanations and justifications for the delay. *State* v. *McFarland*, supra, 353 Conn. 178; see, e.g., *State* v. *Pugh*, 190 Conn. App. 794, 810 n.5, 212 A.3d 787 (declining to consider whether delay in arresting defendant was wholly unjustifiable in light of conclusion that defendant did not demonstrate actual, substantial prejudice), cert. denied, 333 Conn. 914, 217 A.3d 635 (2019); *State* v. *Crosby*, 182 Conn. App. 373, 395 n.11, 190 A.3d 1 (same), cert. denied, 330 Conn. 911, 193 A.3d 559 (2018); see also *State* v. *Echols*, 170 Conn. 11, 17–18, 364 A.2d 225 (1975) ("Whe[n] a delay does not prejudice the accused, no balance need be struck between the cause and effect of delay. The statute of limitations, not the due process clause, defines the limits of protection in such cases." (Footnote omitted.)).

We note, however, that the defendant does not claim that the state acted in bad faith in the present case, and the defendant's counsel conceded at oral argument before this court that the defendant was not claiming that the approximate three year delay during the investigatory period was improper, stating that there were "decent reasons" for that delay. As the defendant acknowledged in his principal appellate brief to this court, "[c]learly, [the investigation] was slowed by the complexities of interviewing out-of-state witnesses, obtaining their statements with the help of local police and the overall slower pace of bureaucracy during the [COVID-19 pandemic]."

underlying the court's decision, however, will not be disturbed unless they are clearly erroneous." (Internal quotation marks omitted.) *State* v. *Sharpley*, 232 Conn. App. 342, 346–47, 335 A.3d 504, cert. granted, 353 Conn. 918, 345 A.3d 807 (2025).

We begin our analysis with a discussion of *McFarland*. In *McFarland*, our Supreme Court, in a per curiam opinion, recently adopted a balancing test for prearrest delay claims under the Connecticut constitution, pursuant to which "a criminal defendant bears the burden of proving that a delay in prosecution has caused actual and substantial prejudice; once the defendant has made this threshold showing, the burden shifts to the state to establish the reasons for the delay." *State* v. *McFarland*, supra, 353 Conn. 178. In *McFarland*, the court considered whether a thirty-two year prearrest delay between the murders at issue and the defendant's arrest violated his right to due process under the federal and state constitutions. See id., 171. Our Supreme Court noted that its balancing test "reflect[ed] the approach employed by the United States Courts of Appeals for the Fourth, Seventh and Ninth Circuits, and a minority of other states." Id., 177. The court stated that the "specific reasoning" of the majority of the court was explained in two separate concurring opinions, one of which was a plurality opinion authored by Justice Alexander and joined by Chief Justice Mullins and Justice Dannehy, the other of which was authored by Justice Ecker and joined in part by Justice McDonald. Id., 177–78.

Justice Alexander, in her concurring opinion, rejected the interpretation of *United States* v. *Marion*, 404 U.S. 307, 92 S. Ct. 455, 30 L. Ed. 2d 468 (1971), and *United States* v. *Lovasco*, 431 U.S. 783, 97 S. Ct. 2044, 52 L. Ed. 2d 752 (1977), as followed by a majority of the federal courts of appeals and the courts of other states, which requires the defendant to show both actual and substantial prejudice from a prearrest delay and that the reasons for the delay were wholly unjustifiable. See *State* v. *McFarland*, supra, 353 Conn. 250 (*Alexander*,

*J.*, concurring). After applying an analysis of the factors delineated in *State* v. *Geisler*, 222 Conn. 672, 684–86, 610 A.2d 1225 (1992),[12] Justice Alexander reasoned that the balancing test adopted by a plurality of the court was "more equitable than that under the two-pronged test because it better reflects the evidence available to the defendant and the state." *State* v. *McFarland*, supra, 353 Conn. 250–51 (*Alexander*, *J.*, concurring). Relevant to the issue of prejudice, Justice Alexander stated that the defendant's burden to establish actual and substantial prejudice "is an exacting one; the showing must rest [on] more than mere speculative harm . . . and [the defendant] must present facts that are *specific*, concrete, and supported by evidence. . . . Indeed, the Seventh Circuit has described the defendant's burden as a monumental hurdle . . . ." (Emphasis added; internal quotation marks omitted.) Id., 257.

"Actual prejudice is that which is nonspeculative in nature, and substantial prejudice is that which meaningfully [impairs the defendant's] ability to defend against the state's charges to such an extent that the disposition of the criminal proceeding was likely affected. . . . Demonstrating actual and substantial prejudice requires the defendant to establish that the delay has largely deprived him of his ability to mount a defense through a specific showing of lost witnesses, or other evidence, whose information was not available from other sources. . . . [S]ee, e.g., *United States* v. *Hagler*, [700 F.3d 1091, 1099 (7th Cir. 2012)] (the mere fact that memories have faded is not enough to establish excessive delay, particularly when defendant is able to highlight discrepancies during cross-examination); *United States* v. *Crouch*, [84 F.3d 1497, 1515 (5th Cir. 1996)] (mere loss of potential

---

[12]"When determining the contours of the protections provided by our state constitution, this court examines (1) the text of the relevant constitutional provisions; (2) related Connecticut precedents; (3) persuasive federal precedents; (4) persuasive precedents of other state courts; (5) historical insights into the intent of [the] constitutional [framers]; and (6) contemporary understandings of applicable economic and sociological norms [otherwise described as public policies]." (Internal quotation marks omitted.) *State* v. *McFarland*, supra, 353 Conn. 196 n.2 (*D'Auria*, *J.*, concurring in the judgment).

witnesses is insufficient [without] a showing that their testimony would have actually aided the defense . . .), [cert. denied, 519 U.S. 1076, 117 S. Ct. 736, 136 L. Ed. 2d 676 (1997), and cert. denied sub nom. *Frye* v. *United States*, 519 U.S. 1076, 117 S. Ct. 736, 136 L. Ed. 2d 676 (1997)]. The court considers how the lost evidence would have affected the defense. . . . Finally, in determining whether there is actual and substantial prejudice, the court considers the overall strength of the state's case." (Citations omitted; internal quotation marks omitted.) *State* v. *McFarland*, supra, 353 Conn. 257–58 (*Alexander*, *J.*, concurring); see also *State* v. *Pugh*, 190 Conn. App. 794, 808, 212 A.3d 787 ("[a] claim of general weakening of witnesses' memories, relying on the simple passage of time, cannot, without a more specific showing, be said to prejudice the defendant" (internal quotation marks omitted)), cert. denied, 333 Conn. 914, 217 A.3d 635 (2019).

Justice Ecker agreed with Justice Alexander that a balancing test should be applied in considering whether a prearrest delay offends due process. See *State* v. *McFarland*, supra, 353 Conn. 221 (*Ecker*, *J.*, concurring). In so concluding, Justice Ecker and Justice Alexander both found instructive our Supreme Court's previous decision in *State* v. *Hodge*, 153 Conn. 564, 568–69, 219 A.2d 367 (1966), in which the court applied a totality of the circumstances test to determine whether the defendant had established an unreasonable seizure under the state constitution as a result of a three week delay between the commission of the offense and the defendant's arrest. Justice Ecker noted that, in *Hodge*, the court "adopted the following test for claims of prearrest delay under the state constitution: The defendant's rights under this claim must necessarily depend on all the circumstances, including the length of the delay, the reason for the delay, prejudice to the defendant, and a timely presentation of the claim to the trial court. *Some prejudice to the defendant's case must be shown.* Such prejudice might consist of the unavailability of alibi witnesses or the impaired memory of the defendant and others who vouch for his

innocence." **(**Emphasis added; internal quotation marks omitted.**)** *State* v. *McFarland*, supra, 225 (*Ecker*, *J.*, concurring**)**. Justice Ecker noted that *Hodge* "also recognized that the applicable statute of limitations is the ultimate safeguard against a [long delayed] arrest and prosecution." (Internal quotation marks omitted.) Id., 226–27. To establish actual and substantial prejudice, Justice Ecker delineated relevant factors for courts to consider, including "the length of the delay, the nature and seriousness of the prejudice, including whether the defendant was substantially prevented from raising or proving a meaningful defense, the strength of the state's case, and whether any prejudice could be and was mitigated." Id., 241. Like Justice Alexander, Justice Ecker characterized the threshold prejudice requirement as "demanding" and noted that prosecutions are "rarely" dismissed on this basis. Id., 237.

Finally, Justice D'Auria, in a separate concurring opinion, agreed with the result reached by the majority of the court but concluded that the Connecticut constitution does not provide any greater protection against prearrest delay than does the federal constitution. See id., 190 (*D'Auria*, *J.*, concurring in the judgment). He, therefore, would follow the approach of a majority of the federal courts of appeals and the courts of other states, which adopt the two-pronged test set forth in *Marion* and *Lovasco* requiring the defendant to prove both actual and substantial prejudice, *and* that the state delayed the arrest of the defendant in order to obtain an unfair tactical advantage or for other improper purposes. See id., 190, 192. Because Justice D'Auria concluded that there was no proof of delay for tactical purposes or bad faith, he indicated that he would reject the defendant's state constitutional claims. See id., 220.

In the present case, the trial court determined that the defendant did not establish actual and substantial prejudice. The court found that the defendant's arguments were speculative and "not the type of evidence that this court can rely upon." We conclude that the

record supports the court's finding. The defendant first argues that the prearrest delay prejudiced him because it "precluded [him] from mounting any sort of a defense in terms of challenging the victim's credibility in terms of the details of the narrative of victimization." To the extent, however, that the defendant suggests that either his memory of the events, or that of any other unidentified witness who could have testified on his behalf, was affected by the passage of time, "the mere fact that memories have faded is not enough to establish excessive delay . . . ." (Internal quotation marks omitted.) *State* v. *McFarland*, supra, 353 Conn. 258 (*Alexander*, *J.*, concurring); see also, e.*g.*, *State* v. *L'Heureux*, 166 Conn. 312, 321–22, 348 A.2d 578 (1974) (to establish that delay resulted in denial of due process, defendant must provide "specific" showing of prejudice, and "[m]ere allegations of potential prejudice, of dimmed memory or of unavailable but unspecified witnesses, are insufficient"). Undoubtedly, the memories of all of the witnesses in a delayed prosecution are affected by the passage of time, including witnesses for the prosecution, which carries the burden of proof. See *State* v. *Morrill*, 197 Conn. 507, 528, 498 A.2d 76 (1985) ("As the time between the commission of the crime and trial lengthens, witnesses may become unavailable or their memories may fade. If the witnesses support the prosecution, its case will be weakened, sometimes seriously so. And it is the prosecution which carries the burden of proof." (Internal quotation marks omitted.)).

To the extent the defendant asserts that the passage of time posed "nearly insurmountable challenges" to his ability to find and locate favorable witnesses, any such claim is merely speculative. See, e.*g.*, *State* v. *Carrione*, 188 Conn. 681, 694, 453 A.2d 1137 (1982) (holding that defendant failed to show actual prejudice on ground that two possible witnesses died, as court could only conjecture as to how testimony would have aided defense), cert. denied, 460 U.S. 1084, 103 S. Ct. 1775, 76 L. Ed. 2d 347 (1983); *State* v. *Coleman*, 199 Conn. App. 172, 182, 235 A.3d 655 (concluding that defendant failed to

prove there was any witness who could have provided exculpatory testimony on his behalf and, thus, claim was merely speculative), cert. denied, 335 Conn. 966, 240 A.3d 281 (2020). The defendant's bare suggestion that he would have been able to challenge the victim's narrative of the events had the prosecution been initiated earlier simply falls far short of the " 'monumental hurdle' " the defendant was required to overcome to prove actual and substantial prejudice. *State* v. *McFarland*, supra, 353 Conn. 257 (*Alexander, J.*, concurring).

The defendant also argues, in conclusory fashion, that he was actually and substantially prejudiced because of the lack of (1) church records contemporaneous with the time frame of the alleged assault; (2) records of communications between the defendant and the victim, such as phone records, texts, and emails; and (3) evidence from which DNA testing could be performed. These arguments are all unavailing because they are wholly speculative.[13] See, e.g., *State* v. *Sharpley*, supra, 232 Conn. App. 350 (concluding that mere "potential" consequence of preaccusation delay did not violate defendant's due process rights). With respect to the lack of church records, the arrest warrant application reflects that a pastor at the church where the defendant and the victim had participated in the youth group told the police that there was no written documentation from the time frame of 2002 to

---

[13]We are not persuaded by the defendant's attempt to distinguish *State* v. *Sharpley*, supra, 232 Conn. App. 350, from the present case. The defendant asserts that, "in *Sharpley*, the prejudice that was rejected was, in fact, 'potential consequences,' whereas, here, the prejudice was [due] to the loss of specific pieces of evidence such as church records and digital records of email, text and voice communications." We disagree with the defendant because he has merely pointed us to potential categories of evidence—such as cell phone records—without identifying the dates of specific calls, texts, or other communications, what those communications would have shown, or how they would have been helpful to his defense. Thus, as the court stated in *Sharpley*, the defendant has provided no "factual basis to support this argument, or any evidence showing prejudice to the defendant in any other manner . . . ." *State* v. *Sharpley*, supra, 350; see also, e.g., *State* v. *Rivas*, 233 Conn. App. 506, 515, 340 A.3d 1118 ("[c]onclusory statements concerning the cause or effect of the preaccusation delay are insufficient to substantiate either of these requirements" (internal quotation marks omitted)), cert. granted, 353 Conn. 915, 344 A.3d 153 (2025).

2003. The fact that the church does not have any records from that period, however, does not necessarily mean that there ever *were* any such records and, if so, what the records would have shown or whether they would have contained exculpatory information. See *State* v. *McFarland*, supra, 353 Conn. 258 (*Alexander*, *J.*, concurring) (noting that courts must consider "how the lost evidence would have affected the defense").

Similarly, the defendant does not point to any specific phone records or other written communications between himself and the victim that were lost by the passage of time. Nor has he established that, if such communications *did* exist, they would have aided in his defense. Cf., e.*g*., *State* v. *Lee*, 375 S.C. 394, 399, 653 S.E.2d 259 (2007) (defendant suffered actual and substantial prejudice because he lost access to contemporaneous documentary evidence that was likely exculpatory in that it would have explained why state returned stepchildren to his home and did not prosecute him at time of initial allegations of sexual abuse of stepchildren). The lack of the ability to conduct DNA testing fails for the same reason, namely, that the defendant has not offered anything more than speculation that DNA testing, had it been available contemporaneously with the events in question, would have been helpful in his defense. See, e.*g*., *State* v. *Coleman*, supra, 199 Conn. App. 182 (rejecting defendant's claim that he was prejudiced by prearrest delay because he was unable to secure surveillance video, stating that "[t]he defendant's argument is unsupported by any evidence that such surveillance video ever existed or that it would have been exculpatory"). Without more, we cannot conclude that the trial court incorrectly determined that the defendant had failed to establish actual and substantial prejudice.[14]

Finally, we reject the defendant's argument, made in his reply brief and at oral argument before this court,

[14] At oral argument before this court, the defendant's counsel acknowledged that the evidence presented was "thin" and "easily characterized as perhaps speculative." He argued that it "might make sense to reserve judgment" on the issue of prearrest delays until after trial, citing to

that there should be a "carve out" for cases pursuant to which prejudice may be established by the mere passage of time if there is a "yawning gap in time" between the alleged criminal conduct and the investigation. The defendant does not cite to any authority for this argument, which is contrary to our Supreme Court's clear directive in *McFarland* that the defendant must establish *actual* and substantial prejudice as a threshold burden. See *State* v. *McFarland*, supra, 353 Conn. 178. The defendant argues that *McFarland* does not "close off" his claim because, in *McFarland*, the state had been investigating the murders in that case for a long period of time; see *State* v. *McFarland*, supra, 172–75; whereas, in the present case, the investigation did not commence until 2019 because the victim did not report the crime until seventeen years after it had occurred. We see no reason, however, why that factual distinction should change our analysis. Our Supreme Court in *McFarland* did not limit its holding to the facts of *McFarland* or state that its decision should be limited to situations in which the state had knowledge during the entire prearrest period that a crime had been committed. Rather, the court squarely held that, in *any* case in which a prearrest due process claim is made under the Connecticut constitution, a criminal defendant must demonstrate actual and substantial prejudice. See id., 178.

Justice Alexander's concurring opinion in *State* v. *McFarland*, supra, 353 Conn. 260 n.4, in which Justice Alexander stated that, although a due process violation caused by prearrest delay may be decided as a pretrial matter, "it will often be appropriate for the trial court to defer action on the motion, or for the defendant to renew that motion as a posttrial matter, because the actual trial record is likely to be determinative with respect to whether the defendant has established the requisite actual and substantial prejudice without resort to impermissible speculation." The defendant's counsel, nevertheless, did not claim at oral argument that the trial court had erred in proceeding with the hearing on the motion to dismiss and did not brief this argument in his reply brief to this court as a separate claim, at which time *McFarland* had been released.

Moreover, the trial court in this case held a full evidentiary hearing, affording the defendant a full opportunity to present his due process claim, and the defendant has not offered any reason why he was not able to offer evidence of actual and substantial prejudice at that time.

Moreover, adopting the defendant's position would contradict the legislature's decision to eliminate the thirty year statute of limitations for the crime of risk of injury to a child.[15] See Public Acts 2019, No. 19-16, § 17, codified in General Statutes § 54-193 (a) ("[t]here shall be no limitation of time within which a person may be prosecuted for . . . a capital felony under the provisions of section 53a-54b in effect prior to April 25, 2012, a class A felony or a violation of section 53a-54d or 53a-169, or . . . any other offense involving sexual abuse, sexual exploitation or sexual assault if the victim of the offense was a minor at the time of the offense, including, but not limited to, a violation of subdivision (2) of subsection (a) of section 53-21"). Our Supreme Court has noted the legislature's policy to allow for child sexual abuse victims, "who may be unable to come forward at the time the offense has occurred, a reasonable opportunity to report the abuse." *State* v. *George J.*, 280 Conn. 551, 574, 910 A.2d 931 (2006), cert. denied, 549 U.S.

---

[15]In his principal appellate brief to this court, the defendant argued that the state constitution's due process clauses afford broader protection than does the federal constitution. The defendant also asserted that, when a crime has a lengthy statute of limitations, or none at all, due process scrutiny of a delayed prosecution should be "especially searching and rigorous for the very reason that the traditional function of the statute of limitations—to wit, to protect defendants from circumstances where witnesses and evidence to prove their innocence may no longer exist—is no longer in play." In support of this proposition, the defendant cites to one out-of-state case in which the Supreme Court of Tennessee stated that the "limited due process" standard established in *Marion* and *Lovasco* was, "in application, extremely one-sided." *State* v. *Gray*, 917 S.W.2d 668, 673 (Tenn. 1996).

We recognize that the defendant's principal appellate brief to this court was submitted before our Supreme Court released its decision in *McFarland*. We note that the defendant's argument with respect to crimes that have either a lengthy statute of limitations, or none at all, is answered by Justice Alexander in her concurring opinion in *McFarland*. Justice Alexander stated that the balancing test adopted by our Supreme Court "does not override a legislative decision not to have a statute of limitations for certain crimes but, rather, simply ensures a defendant's right to a fair trial." *State* v. *McFarland*, supra, 353 Conn. 256 (*Alexander*, *J.*, concurring). The requirement, however, to establish actual and substantial prejudice as a result of a prearrest delay remains the defendant's threshold burden under *McFarland*. See id., 178.

1326, 127 S. Ct. 1919, 167 L. Ed. 2d 573 (2007); see id., 567, 568 n.11 (legislature's determination that victims should have opportunity to report abuse reflects "well documented problems of shame and repressed memories that often preclude child victims of sexual abuse from timely reporting the crime"). Thus, even considering the length of time that elapsed between the crime and the victim's disclosure to the police in 2019,[16] we conclude that

[16]The state argues that the seventeen year period before the police were notified of the defendant's conduct should not be considered because there was no state action during that time period. The defendant, relying on *State* v. *Hodge*, supra, 153 Conn. 564, responds that the relevant time period is the interval between the date of the offense and the date of his arrest. As stated previously, however, even if we assume arguendo that this time period is properly considered in our analysis, the defendant has not established actual and substantial prejudice as a result of that delay. We note that courts in at least two other jurisdictions have rejected similar arguments on the ground that the state did not cause the delay at issue. See, e.g., *State* v. *Nadler*, 151 N.H. 244, 245, 247–48, 855 A.2d 490 (2004) (thirty-six year preindictment delay in case charging defendant with "unnatural and lascivious acts" with thirteen year old victim was not unreasonable, as no part of delay could be attributed to prosecution but, rather, was attributed to victim's failure to report crime (internal quotation marks omitted)); *Story* v. *State*, 721 P.2d 1020, 1028 (Wyo.) (rejecting claim of preaccusation delay when victims did not report crimes for long period of time and noting that, "once the [s]tate became aware of the potential crimes with which [the defendant] was charged, it proceeded diligently to investigate and file the charges"), cert. denied, 479 U.S. 962, 107 S. Ct. 459, 93 L. Ed. 2d 405 (1986).

We further note that the seventeen year delay in this case was well within the applicable statute of limitations and was not uncommonly long for a case involving alleged child sexual abuse. Accordingly, we also reject the defendant's argument that the "legislative purpose behind the extended statute of limitations for sex offenses—namely, the reality that many victims of sexual abuse delay disclosure of their victimization—is not applicable here" because the victim had disclosed the details of the offense to various friends within a few years of the events at issue. See M. Hamilton, CHILD USA, "Child Sex Abuse Statutes of Limitation Reform from 2002 to 2019" (May 5, 2020), pp. 6 and n.8, available at https://childusa.org/wp-content/uploads/2020/05/CHILD-USA-2019-Annual-SOL-Report-May-2020.pdf (last visited May 27, 2026) (noting that "[o]nly 25 [to] 33 [percent] of victims disclose in childhood, and 33 [to] 70 [percent] disclose in adulthood, with studies finding age [forty-eight] as the median and age [fifty-two] as the average age of disclosure," and further stating that, of adults who disclose childhood abuse, "only [6 to 15 percent] of disclosures are made to authorities, whereas most individuals disclose to friends").

the defendant has not established actual and substantial prejudice[17] solely based on the mere passage of time.[18]

For the foregoing reasons, we cannot conclude that the "action complained of . . . violates those fundamental conceptions of justice [that] lie at the base of our civil and political institutions . . . and which define the community's sense of fair play and decency . . . ." (Internal quotation marks omitted.) *State* v. *Sharpley*, supra, 232

[17]Justice Ecker's concurring opinion in *McFarland* delineated several factors for courts to consider in determining whether a defendant has established actual and substantial prejudice. Specifically, Justice Ecker identified as relevant "the length of the delay, the nature and seriousness of the prejudice, including whether the defendant was substantially prevented from raising or proving a meaningful defense, the strength of the state's case, and whether any prejudice could be and was mitigated." *State* v. *McFarland*, supra, 353 Conn. 241. We note that Justice Alexander's plurality opinion did not adopt these factors.

Even if we consider the relatively lengthy prearrest delay in the present case, the defendant has offered nothing more than speculation regarding the "nature and seriousness of the prejudice" or that he was "substantially prevented from raising or proving a meaningful defense . . . ." Id. (*Ecker*, *J.*, concurring). We agree with the defendant that the record does not conclusively favor either party with respect to the strength of the state's case. Finally, we need not consider whether any prejudice was mitigated, as the defendant has not established prejudice in the first instance.

[18]Although not binding on this court, *People* v. *Nelson*, 43 Cal. 4th 1242, 185 P.3d 49, 78 Cal. Rptr. 3d 69, cert. denied, 555 U.S. 926, 129 S. Ct. 357, 172 L. Ed. 2d 219 (2008), cited by Justice Alexander in her concurring opinion in *McFarland*, is one example of a case in which the court has adopted the balancing test and rejected a similar argument. See *State* v. *McFarland*, supra, 353 Conn. 253–54 (*Alexander*, *J.*, concurring). The defendant in *Nelson* argued that prejudice should "simply be presumed" because there was a twenty-six year prearrest delay in that case and, thus, "no need to show specific prejudice." *People* v. *Nelson*, supra, 1250. The Supreme Court of California disagreed, stating that "[t]he statute of limitations is usually considered the primary guarantee against bringing overly stale criminal charges, and there is no statute of limitations on murder. . . . Presuming prejudice would be inconsistent with the [l]egislature's declining to impose a statute of limitations for murder, among the most serious of crimes. To avoid murder charges due to delay, the defendant must affirmatively show prejudice." (Citation omitted; internal quotation marks omitted.) Id.

As stated previously, there is no longer a statute of limitations for violations of § 53-21 (a) (2). See General Statutes § 54-193 (a); see also footnote 9 of this opinion. We therefore similarly conclude that presuming prejudice solely on the basis of a lengthy prearrest delay, without a specific showing of actual and substantial prejudice, would be inconsistent with the legislature's decision to eliminate the statute of limitations for offenses involving sexual abuse of minors.

Conn. App. 347. Accordingly, because the defendant did not establish actual and substantial prejudice as a result of the prearrest delay, we conclude that the trial court properly denied his motion to dismiss.

The judgment is affirmed.

In this opinion the other judges concurred.